| 2 | 69 |
|---|---|
| 79 | 317 |

| 2 | 69 |
|---|---|
| 104 | 52 |

| 2 | 69 |
|---|---|
| 126 | 349 |

THE FIRST CONGREGATIONAL CHURCH OF BLOOMINGTON
v. THE CITY OF MUSCATINE.

In the absence of statute law, each court of record is the sole and final judge in matters of contempt.

A proceeding to enforce a penalty for disobedience to the process of injunction, is not a chancery suit, nor necessarily a part of one.

The proceeding to punish a contempt of process, though based upon, is merely incidental to, and, to a great extent, independent of, the original proceeding, in which it may be invoked.

And such proceeding need not be entitled as of the original cause.

The contempt may be punished, whether the injunction be regularly issued or not, and the court will not look into the merits of the cause in which the injunction issued.

The First Congregational Church of Bloomington v. The City of Muscatine.

The proceeding is, in its nature, criminal, to punish a disobedience to civil authority.

The proceedings of a special and independent character, mentioned in section 1555 of the Code, refer to the primary proceedings specially provided for in several independent chapters of the Code, such as informations, mandamus, injunctions, and the like, but not to contempts, which may be incident to all.

The intermediate orders spoken of in section 1556 of the Code, are clearly those orders which may be made in the *suit proper*, and not those proceedings which are entirely distinct from it.

A proceeding against a corporation for contempt, is necessarily personal; that is to say, the corporation, as such, cannot be imprisoned; but those acting in aid of it, violating the injunction, may.

The special provision contained in section 1606 of the Code, denying an appeal from an order to punish for a contempt, controls the general provisions regulating appeals, and extends to contempts by a disobedience of an injunction, as well as to other process.

Whether a *certiorari* will lie from an order *refusing* to punish for a contempt, *quere?*

### Appeal from the Muscatine District Court.

THIS is an appeal from an order of the District Court of Muscatine county, discharging Joseph H. Wallace, mayor of the city of Muscatine, from an alleged contempt, in disobeying an injunction issued in a cause in chancery, wherein The First Congregational Church of Bloomington are complainants, and the city of Muscatine is respondent. In the Supreme Court, a motion was made to dismiss the appeal, for the reason that an appeal will not lie from such an order.

*Cloud & O'Connor*, for the motion.

*Stephen Whicher*, contra.

ISBELL, J.—From the earnestness manifested to sustain this appeal, we are induced to examine the subject more at length, than we otherwise would. And first how stands the case, aside from statutory regulations? In the case of *The Lord Mayor of London*, 3 Willis, 188, Blackstone, Judge, says : " All courts, by which I mean to include the two houses of Parliament, and the courts of Westminster Hall, can have

The First Congregational Church of Bloomington v. The City of Muscatine.

no control in matters of contempt. The sole adjudication of contempts, and the punishment thereof in any manner, belongs exclusively and without interfering, to each respective court." In the same case, says DE GRAY, C. J.: "The Court of K. B. or C. B. never discharged any person committed for contempt in not answering in the Court of Chancery, if the return was for contempt." This case is commented upon and approved by STORY, J., in *Ex parte Kearney*, 7 Wheat. 41. The same doctrine is explicitly laid down by BLACKFORD, J., in *Leavenworth* v. *Tipton*, 1 Black. 166, which was brought before the court on *error*. This was a case, where the defendant had been *released* from an attachment for contempt in not executing a writ as sheriff. Says that distinguished judge: "Courts of record have exclusive control over charges for contempt, and their conviction or acquittal is final and conclusive." Again, says he, "Whether the Circuit Court has been treated with contempt or not, is for that court alone to decide." See the opinion of KENT, C. J., in the *Yeates' case*, 4 Johns. 354; *Johnson* v. *The Commonwealth*, 1 Bibb, 598; *Wyatt* v. *Magee*, 3 Ala. 94; *Ex parte Passmore Williamson*, Sup. C. Penn., Aug. 1855, reported in American Law Register, Vol. IV, p. 27. These authorities are conclusive, that in the absence of statute, each court of record is the sole and final judge in matters of contempt.

But we are told, that our constitution provides that the Supreme Court shall have appellate jurisdiction only, in all cases in chancery, and therefore an appeal must lie, or no remedy exists. If a proceeding to enforce a penalty for disobedience to the process of injunction, is a chancery suit, or necessarily a part of a chancery suit, this is true. But is it so? We think most clearly not. It is incident to all courts to enforce obedience to its process, and is by no means a peculiar incident of a court of equity, more than any other court of record. The proceeding to punish a contempt of process, though based upon, is merely incidental to, and to a great extent independent of, the original proceeding in which it may be invoked. Indeed, such proceeding need not be entitled as of the original cause. *Stafford* v. *Brown*, 4

Paige Ch. 362; *Folger* v. *Hoogland,* 5 Johns. 235, and authorities. The contempt may be punished, whether the injunction be regularly issued or not; and the court will not look into the merits of the cause in which the injunction issued. *People* v. *Spaulding,* 2 Paige Ch. 326; *Sulivan* v. *Judah,* 4 Paige Ch. 444. The proceeding is in its nature criminal, to punish a disobedience to civil authority, whereby the civil arm is weakened and the majesty of the law dethroned. Where appeals from the regular proceedings in cases in chancery, have been constantly allowed, appeals from proceedings for contempt, have never been recognized, except by force of statute law. We think, then, that such proceeding is not necessarily a part of a chancery suit.

Our attention has been called to the several provisions of the statute, that may by any possibility have a bearing on this question. Thus, section 1598, of the Code, provides, among other things: "The following acts or omissions are deemed to be contempts, and are punishable as such by any of the courts of this state, or by any judicial officer acting in discharge of an official duty as hereinafter provided, * * * for illegal resistance to any order or process made or issued by it; and for any other act or omission specially declared a contempt by law." By section 1600, the punishment for contempt may be by fine or imprisonment, or both, but where not otherwise specially provided, the Supreme and District Court are limited to a fine of fifty dollars and an imprisonment not exceeding one day. By section 1601, if the contempt consists in an omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he performs it. In that case, the act to be performed, must be specified in the warrant of commitment. By section 1606, "*No appeal lies to an order to punish for a contempt, but the proceedings may, in proper cases, be taken to a higher court for review, by certiorari.*" Also, to sections 2201 to 2205, regulating injunctions, and also to sections 1555 and 1556, regulating the appellate jurisdiction of this court, which are as follows: "The Supreme Court has an appellate jurisdiction over all final judgments and decisions of any of

the district courts, *as well in cases of civil actions properly so called, as in proceedings of a* SPECIAL *or independent character. Intermediate orders, involving the merits and materially affecting the final decision, may also be reversed on appeal.*"   Again : our attention has been drawn to the provision regulating the review of criminal proceedings : Section 3038, "The only mode of reviewing a judgment or order in a criminal action, is by writ of error."

It is insisted that sections 1355 and 1356, clearly give the right to appeal, and stress is laid upon the words, "*as well in civil actions properly so called, as in proceedings of a special or independent character,*" as furnishing an interpretation of section 1356.   By the proceedings of a special or independent character here alluded to, we understand, the primary proceedings specially provided for in several independent chapters of the Code, such as informations, mandamus, injunctions, and the like, but not contempts, which may be incident to all.   Yet were there a special provision that an appeal should not lie to any one of these, but that it might be reviewed on *certiorari*, we should conclude, that it too was withdrawn from the general provision giving an appeal ; and more especially, if an appeal had not been usual for the review of such proceeding.   The "intermediate orders, &c.," are clearly those orders which may be made in the *suit proper*, and not those proceedings which are entirely distinct from it.   The determination of the question of contempt or no contempt, can never affect the final decision, nor involve the merits.   The party's right to the relief prayed for in the bill, must be the same, whether the injunction be obeyed or disobeyed.   But it is again insisted, that without this right, the process of injunction is powerless.   We see no weight whatever in this objection.   By section 2203 of the Code, if the party charged with the contempt fails to sufficiently excuse it, the judge may require him to give bond, with surety, for his appearance at the next term of the court, and also for his future obedience to the injunction ; and by section 2203, if he fail to do so, he may be committed until the next term of court.   And notwithstanding such security be

given, by section 2205, the court may proceed to punish the contempt in the *usual mode*. By this, we understand, fine and imprisonment, as provided in the general chapter regulating contempts. But if he fail to give bond, section 1601 authorizes imprisonment, until he shall. Now, without this last provision, which is found in the same chapter in which an appeal is denied, we must come to the conclusion, either that punishment for disobedience to an injunction is unlimited, or that it is confined to the chapter regulating injunctions, neither of which is warranted. We must rather conclude that the codifiers, in accordance with the general apparent design of the Code in other particulars, intended by this chapter entitled contempts, to adopt a uniform mode of punishment of contempt, when not otherwise specially declared. We see no reason why they have not made this mode efficient. It is so, if imprisonment can be. A proceeding for contempt is necessarily personal; that is to say, the corporation, as such, cannot be imprisoned for contempt. But those acting in and of it, violating the injunction, may.

But again: we fail to see any reason why the efficiency of the remedy, should be affected by the question, whether it must be reviewed in any one way or another. By determining that no appeal·lies, we affect none of plaintiff's rights. The corporation is as liable for any injury done to plaintiff, as though no injunction had been issued, or proceeding to punish a disobedience had. In any view of the case in which we have been able to see it, we are constrained to the conclusion, that the special provision contained in section 1606, denying an appeal from an order to punish for a contempt, is controlling of the general provisions regulating appeals, and extends to contempts by a disobedience of an injunction, as well as of other process.

But there is still a grave question lying back of this; namely, whether even a *certiorari* will lie from an order *refusing* to punish for a contempt. But of this *quere;* it is not necessary to be here decided.

Appeal dismissed.