LINDSAY v. THE CLAYTON DISTRICT COURT. ( *Two Cases* ).

1. **Contempt:** PROCEEDINGS TO PUNISH : WHEN CERTIORARI LIES. Proceedings to punish for a contempt may be reviewed by *certiorari*, whether the defendant has been punished or not, in all cases where a substantial right, either public or private, is involved, which can only be protected or enforced by the proceeding in contempt. So *held* where the district court refused to punish for the violation of a liquor nuisance injunction, on the ground that the power to punish was suspended by the defendant's taking an appeal and filing a *supersedeas* bond.

| 75 | 509 |
| 79 | 318 |
| 75 | 509 |
| 85 | 333 |
| 75 | 509 |
| 104 | 374 |
| 75 | 509 |
| 110 | 700 |
| a110 | 701 |
| 75 | 509 |
| d107 | 647 |
| 75 | 509 |
| f108 | 186 |
| 75 | 509 |
| 117 | 155 |
| 75 | 509 |
| 126 | 343 |

2. ——: VIOLATION OF INJUNCTION: PUNISHMENT AFTER APPEAL TAKEN AND SUPERSEDEAS BOND FILED. The taking an appeal from a decree abating and enjoining a liquor nuisance, and the filing of a *supersedeas* bond, does not suspend the injunction, but only the abatement of the nuisance, and for a violation of the injunction pending the appeal, the defendant may be punished for contempt. (Compare *Jayne v. Drorbaugh*, 63 Iowa, 711).

### Certiorari to Clayton District Court.

### FILED, OCTOBER 16, 1888.

THIS is an original proceeding in this court, the object of which is to review the action of the district court, refusing to punish one Hagensick for contempt in disobeying an injunction.

*A. Chapin*, for plaintiff.

*Noble & Updegraff*, for defendant.

SEEVERS, C. J.—The plaintiff commenced an action against J. L. Hagensick, and in May, 1887, a perpetual injunction was granted, restraining said Hagensick from manufacturing or selling intoxicating liquors, and ordering the abatement of the nuisance which the court found existed. Upon the day subsequent to the rendition of the decree the defendant in said action appealed to this court, and filed a *supersedeas* bond, as provided by law. Afterwards, at a subsequent term of court, the plaintiff filed a motion for a rule requiring the defendant to show cause why he should not be punished for contempt, on the ground that he had manufactured intoxicating liquor since the granting of the injunction, in disobedience thereof. At the hearing of the motion it was conceded that the defendant Hagensick had, since the taking of the appeal and filing of the *supersedeas* bond, "conducted the business of manufacturing beer in the premises described in the decree;" and that the "only act of the defendant claimed to be a contempt was the manufacturing of such liquor" since the rendition of the judgment perpetually enjoining him from so doing; and the court held that the "*supersedeas* bond prevents the punishment for contempt."

I.   It is insisted that there is no authority for reviewing on *certiorari* the action of the district court in refusing to punish an alleged contempt against the authority of the court.    That such action could not be reviewed, in the absence of a statute, will be conceded ; and in *First Congregational Church v. City of Muscatine*, 2 Iowa, 71, it is said :   " These authorities are conclusive that, in the absence of a statute, each court of record is the sole and final judge in the matter of contempt." There was in force when this decision was made, and is now, the following statute :   " No appeal lies from an order to punish for contempt, but the proceedings may, in a proper case, be taken to a higher court, for revision, by *certiorari*."   Code, sec. 3499.   It is said this statute has no application when the court refuses to punish the defendant.    It will be conceded, for the purposes of this case,   that this is true in all cases where the court determines that a contempt has not been committed. This the court did not do, but held, as a matter of law, that it could not inquire into and determine such question, because it was prevented from so doing by appeal and *supersedeas*.   As no appeal lies, the judgment of the district court must be reviewed in a *certiorari* proceeding if it can be done at all.   The proper construction of the statute, we think, is that the action of the court may, in a proper case, be so reviewed ; that is, the proceedings may be reviewed, whether the defendant has or has not been punished, in all cases when a substantial right, either public or private, is involved, which can only be protected or enforced by the proceeding in contempt.    That this is such a case we think there cannot be any reasonable doubt.

II.   It is insisted that the appeal and *supersedeas* stay the judgment, and prohibit the court from making any inquiry as to whether a contempt has or has not been committed ; and in support of this position, section 3186, of the Code, is cited and relied on, the material portion of which is as follows :   " An appeal shall

*1. Contempt : proceedings to punish : when certiorari lies.*

*2. ——: violation of injunction : punishment after appeal taken and supersedeas bond filed.*

not stay proceedings on the judgment or order, or any part thereof, unless the appellant shall cause to be executed  *  *  *  a bond to the effect that the appellant shall pay all costs and damages that shall be adjudged against the appellant on the appeal; also that he will satisfy and perform the judgment or order appealed from in case it shall be affirmed," and any judgment the supreme court may render, or order to be rendered.   "When such bond has been approved by the clerk, and filed, he shall issue a written order commanding the appellee, and all others, to stay proceedings in such judgment or order.  *  *  *  No appeal * * * shall vacate or affect the judgment appealed from."   It will be observed that the validity or effect of the judgment is in no manner affected by the appeal.   It remains in full force, but process thereon is suspended until the appeal is determined.   The judgment cannot be enforced by process, but a different rule prevails if the judgment is self-enforcing.  *Jayne v. Drorbaugh,* 63 Iowa, 711.   In the case at bar the nuisance cannot be abated until the appeal is determined.   The effect of the *supersedeas* is to preserve the existing state of the matter, whatever it may be.   It amounts to a suspension; and the relief obtained thereby is of a negative, and not of an affirmative, character.   The injunction remains in full force, and the appeal and *supersedeas* do not affirm or give the party enjoined the right to violate it.   If so, then, where a person is enjoined from committing waste on real estate, he may, pending an appeal, do irreparable injury to the estate; as when he is enjoined from removing heirlooms, or destroying them, which possibly have little or no money value.   So, too, when one is enjoined from polluting a stream of water, thereby endangering the health of large numbers of people.   In such cases, the terms, conditions of, and liability on, the *supersedeas* bond, do not afford any adequate relief or indemnity, and certainly this is so in the case at bar. It may be that, in a proper case, this court, in aid of its appellate jurisdiction, would stay all proceedings in contempt for a violation of an injunction until the appeal

was determined. The foregoing views are supported by the following cases : *State v. Chase,* 41 Ind. 356 ; *Central Union Telephone Co. v. Tippecanoe County,* 110 Ind. 203 ; *Sixth Av. Ry. Co. v. Gilbert Elevated Ry. Co.,* 71 N. Y. 430 ; *Bullion, Etc., Mining Co. v. Eureka Hills Mining Co.,* (Utah), 13 Pac. Rep. 174. An examination of the statutes of Indiana, New York and California discloses the fact that the statutes of those states, as to the effect of an appeal and *supersedeas,* are not materially different from ours ; and therefore such decisions are fully applicable, and entitled to great consideration. The judgment of the district court is

REVERSED