CURRIER v. MUELLER *et al.*

**Appeal:** PROCEEDINGS FOR CONTEMPT: JURISDICTION. Under section 3499 of the Code, providing that " no appeal lies from an order to punish for a contempt, but the proceedings may, in a proper case, be taken to a higher court for revision by *certiorari*," *held* that this court has no jurisdiction, on appeal, to review an order discharging the defendant in the proceeding for contempt in violating an injunction, though issued under the statutes for the suppression of intemperance; but it would *seem* that it has jurisdiction, upon *certiorari*, to review the order made in such a case, whether it be for the punishment or the discharge of the defendant, when such review is demanded either by public or private interest. (Compare *Congregational Church. v. City of Muscatine*, 2 Iowa, 69, and *Lindsay v. District Court*, 75 Iowa, 509.)

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

FILED, FEBRUARY 4, 1890.

PROCEEDING to punish for contempt. From a judgment discharging defendants the plaintiff appeals.

*Newman & Blake*, for appellant.

*S. M. Casey* and *T. H. Johnson*, for appellees

GRANGER, J.—This is a proceeding to punish for the violation of an injunction issued under the law for the suppression of intemperance. At the hearing in the district court the defendants were discharged; and, the plaintiff having brought this appeal, a motion is made to dismiss on the ground that this court has no jurisdiction in such cases on appeal.

Disconnected entirely from its relation to the law regulating the sale of intoxicating liquors, the question before us seems to have been fully settled by prior adjudication. Speaking of the question thus disconnected, we may look to the case of *Congregational Church v. City of Muscatine*, 2 Iowa, 69. As in this case, that was a proceeding to punish for a contempt in disobeying an injunction; and the case is further like this in the fact that the party charged with contempt was on the hearing discharged, and the appeal was from the order of discharge. In that case the law, both common and statutory, as to proceedings for contempt, received consideration; and, under statutory provisions as to proceeding for contempt like those at the present time, the right of appeal was denied. The Code of 1851 contains this: "Sec. 1606. No appeal lies to an order to punish for a contempt; but the proceedings may, in proper cases, be taken to a higher court for revision by *certiorari*." That section is identical with the present Code, section 3499, except the words "to an order"

read now "from an order." In that case the court cited
to some extent, and reviewed, the general statutes reg-
ulating appeals, both civil and criminal, and announced
the conclusion of the court in these words : "In any
view of the case in which we have been able to see it,
we are constrained to the conclusion that the special
provision contained in section 1606, denying an appeal
from an order to punish for contempt, is controlling of
the general provisions regulating appeals, and extends
to contempts by a disobedience of an injunction as well
as of other process." A significant feature of the hold-
ing is that it makes the section (1606) "controlling of
the general provisions of the statutes regulating
appeals," and no subsequent legislation has attempted
to change its force. There have since been changes in
the general statutes governing appeals, but nothing
which is expressly or by implication designed to affect
the statute (section 3499) providing for a review of
proceedings for contempt. In the case of *Lindsay v.
District Court*, 75 Iowa, 509, the rule as announced in
the case cited received strong support. That was a case,
also, where the district court refused to punish for the
contempt charged, and the case was brought here on
*certiorari;* and the precise point urged was that the
court has "no authority for reviewing on *certiorari* the
action of the district court in refusing to punish an
alleged contempt against the authority of the court."
It should be stated that in the *Lindsay case* the refusal
of the court to punish was based on its holding that it
had no authority to inquire into facts alleged as a con-
tempt, which this court held to be an error. But still the
fact is that there was no "order to punish," from which
the appeal could be taken; and the court announced its
conclusion in these words : "As no appeal lies, the
judgment of the district court must be reviewed in a
*certiorari* proceeding, if it can be done at all. The
proper construction of the statute, we think, is that the
action of the court may, in a proper case, be so reviewed;
that is, the proceeding may be reviewed, whether the

defendant has or has not been punished, in all cases where a substantial right, either public or private, is involved, which can only be protected or enforced by the proceeding in contempt." This latter case seems to involve the precise point in this case, barring this difference as to the facts : In the *Lindsay case* the punishment was refused by the court's holding that, because of an appeal and bond filed, it could not inquire into the facts. In this case the refusal was because of a want of testimony to show the fact of contempt. The rule announced, however, in the *Lindsay case* seems broad enough to allow a review on *certiorari* when demanded either by public or private interest; in this respect it seems to answer the query in the concluding paragraph of the opinion in *First Congregational Church v. City of Muscatine*, 2 Iowa, 69. Appellant attaches some importance to the peculiar language of the liquor law, providing that the punishment shall be "as for contempt;" but inasmuch as the *Lindsay case* is one of the same class of cases, and so definitely announces the rule as far as such an argument requires it, we deem it unimportant to pursue the consideration further. Our views lead us to sustain the motion to dismiss the appeal.          APPEAL DISMISSED.