## Hannah M. Cotant v. A. N. Hobson, Judge.

In contempt proceedings for violation of an injunction against the sale of liquors, an affidavit showed that on Sunday, defendant was in his saloon, and passed beer out of a broken window, to men who drank it; that affiant went to such window, and saw defendant secreting himself; that when seen, he went into the front part of the saloon; and that affiant went to the front end of the saloon, and, looking in, saw defendant was the only person there. *Held*, that the evidence showed a violation of the injunction, though the act was done by one running a saloon under the "Mulct Law"—for Acts Twenty-fifth General Assembly, chapter 62, provides that the place for sales "shall not be open at all, nor shall sales be made on Sunday."

### Monday, May 18, 1896.

CERTIORARI to the defendant, as judge of the district court of Chickasaw county, Iowa. One, Fred Herring, was, on a proceeding in said court, enjoined from selling intoxicating liquors. Plaintiff filed an information in the district court, charging a violation of the injunction. On the hearing before the defendant, Herring was adjudged not guilty, and discharged. Because of alleged illegalities in the proceedings, the writ in this proceeding issued, and a return thereto

has been made. The questions presented will be noticed in the opinion.—*Reversed.*

*J. H. Powers* for petitioner.

No appearance for appellee.

GRANGER, J.—The information charged the violation of the injunction by the selling of intoxicating liquors in New Hampton, in Chickasaw county. The return to the writ shows that at the trial of the information the parties stipulated that Herring was conducting his saloon under the provisions of chapter 62, Acts Twenty-fifth General Assembly, and that, if he was guilty of contempt, it consisted in his selling in violation of the act. The testimony considered is set out in the return, consisting of affidavits. Two affidavits were offered, and the offer refused, which refusal is one of the illegalities charged. Section 3, chapter 66, Acts Twenty-first General Assembly, provides that, in a proceeding for contempt for the violation of an injunction against the sale of liquors, the evidence "may be in the form of affidavits, or on demand of either party the witnesses shall be brought before the court for examination." It is said in argument that the refusal of the two affidavits mentioned above was before there was a demand that the witnesses be produced in open court for examination. The return shows that after the objection to the affidavits, and the demand, the affidavits were offered and rejected. It is not contended that such a proceeding was illegal.

II. The affidavit shows, without dispute, that on Sunday, Herring was in his saloon, and that he passed beer out of a broken window, in the back of the saloon, to two men. The beer was seen to be handed out of the window to the two men who drank it, and

the witness went up to the broken window, and saw Herring in the act of secreting himself from view; that when seen he straightened up, and went into the front part of the saloon; and that witness went to the front end of the saloon and looked in, and Herring was the only person there. The return shows, that the judge thought the evidence insufficient to establish the guilt of Herring, and of such finding there is complaint. It seems to us that, with this direct and undisputed evidence, the guilt was clearly established. One of the provisions of the act of the Twenty-fifth General Assembly is, that the place for sales "shall not be open at all, nor shall sales be made on the first day of the week, commonly called Sunday." It is also provided by the act, that when any conditions of the act shall be violated the act shall cease to operate as a bar, and persons engaged in selling, as contemplated by the act, shall be liable to all the penalties provided for in chapter 6, title 11, of the Code, and acts amendatory thereto. We regard the showing as conclusive, that the saloon was open on Sunday, and sales were made of beer, or it was given away, which, in either event, was a violation of the law. The rule of the district court in discharging the accused, is REVERSED.