WILLIAM LAKE, Plaintiff, v. P. B. WOLFE, Judge, Defendant.

**Violation of Injunction:** EVIDENCE. In an action to enjoin defendant from building a partition fence between his house and that of plaintiff, some ten feet high, and within twenty inches from plaintiff's house, for the purpose of annoying the plaintiff, and darkening his windows, and making his property undesirable, a temporary injunction was obtained. Thereafter plaintiff set some posts next to the board fence nearest plaintiff's house, nailed scantlings to them on the side nearest the house, and nailed to the scantlings boards so as to make a high board fence, forty feet in length, and about twelve feet high. Boards were nailed to the scantlings in such a manner as to form a kind of a roof along the greater part of the fence, and boards were also nailed at the ends. *Held*, a violation of the injunction, though defendant claimed that the structure was not a fence, but a woodshed.

REVIEW ON APPEAL. *Certiorari* will lie to determine whether an injunction was violated, though the district judge has found that a contempt has not been committed.

### SATURDAY, APRIL 8, 1899.

PROCEEDING by *certiorari* to review an order of the district court dismissing an application for the punishment

of one Noel for contempt in violating an injunction.—
*Annulled.*

*Hayes & Schuyler* for plaintiff.

No argument for Defendant.

ROBINSON, C. J.—The record submitted shows the fol-
lowing facts:  The plaintiff owns a lot in the city of Clinton
on which there is situated a house, a part of which he occu-
pies as a homestead.  John B. Noel owns the lot adjoining on
the west side, and occupies it, with the house thereon, as his
homestead.   Both lots front northward, and each house is
about eighteen feet from the street.   The distance between the
houses is from ten to twelve feet; and the front end of the
house of the plaintiff is twenty-two inches, and the rear end
twenty inches, from the boundary line between the two lots.
By virtue of an agreement between the plaintiff and Noel,
the plaintiff erected a wire picket fence from the street to
the line of his house, and from that line to the rear end of his
house a close board fence, which was five feet high at the
north end and six feet high at the south end.   Noel
continued the fence to the south end of the lots, at a
height of six feet.   The entire fence was built substantially on
the boundary line.   In July, 1898, the plaintiff filed in the
district court of Clinton county a petition, making Noel a
party defendant, in which it was alleged that Noel was threat-
ening to remove a portion of the fence constructed by the
plaintiff, and to build in lieu thereof a high, tight board fence,
which was not needed, and would not be a partition fence,
and which would cause irreparable injury to the property of
the plaintiff; that the intent of Noel in building the fence was
not to benefit himself, but to injure and annoy the plaintiff,
darken his windows, and make his property undesirable as
a residence.   The plaintiff asked that Noel be enjoined from
removing the partition fence, and from erecting any other
fence in its place.   At the time the petition was filed, an order
for a temporary writ of injunction was obtained, and the
writ was issued and served on Noel.   Thereafter Noel filed

an answer, in which he denied that he had ever threatened or contemplated the removal of the partition fence, or of any part of it. In August, 1898, the plaintiff applied to the defendant in this case for an attachment against Noel on the ground that the latter had violated the injunction. Noel appeared, and there was a hearing on the charge of the plaintiff, Noel was adjudged to be not guilty, and the contempt proceedings were dismissed. For the purposes of this case, we assume that the order granting the temporary injunction was rightfully made. *Wise v. Chaney,* 67 Iowa, 73. We are only to inquire whether the injunction was violated. That we are authorized to do so, notwithstanding the fact that the district judge found that a contempt had not been committed is settled by the cases of *Currier v. Mueller,* 79 Iowa, 316; *Lindsay v. Clayton District Court,* 75 Iowa, 509; and *Cotant v. Hobson,* 98 Iowa, 318.

The evidence submitted on the hearing of the charge of contempt shows beyond controversy, the following facts: Two or three months before the action for an injunction was begun, there was some trouble between the plaintiff and Noel, the nature of which is not disclosed. The day before the action was commenced, Noel placed upon his lot, in front of his house, posts, from fourteen to sixteen feet in length, boards from eight to ten feet in length, and scantlings sixteen feet in length. After the injunction was issued and served, Noel set four of the posts next to the board fence nearest to the plaintiff's house, nailed scantlings to them on the side nearest that house, and nailed to the scantlings boards so connected with the fence below as to make a tight board fence about forty feet in length, twelve feet high at the north end, and sloping to the south end, which is ten and a half feet in height. On Noel's lot three posts were set,—one at each end, and one opposite the middle of the fence described. The north post is four feet, and the south one three and a half feet from the fence. Scantlings two by four inches in size

were nailed to the fence at a height above the ground of eight and a half feet, and to the inner posts at a less height. Boards from packing boxes were nailed to the scantlings in such manner as to form a kind of roof along the greater part of the fence. There are also boards at the ends, but none on the west side. The part of the roof next to the fence is from two to three and a half feet lower than the top of the fence. There are three windows in the first story of the plaintiff's house which open westward, and the structure described is so placed that its north end is about five feet north of the north window, and the south end is about ten feet south of the south window. The effect of the fence is to darken the windows, to prevent the free circulation of air through them, and to obstruct the view from them. Noel claims that the structure was not a fence, but a woodshed, which he had a right to construct; and it appears that he has in it a few boxes, some wood, and window frames. He has a woodshed back of his house, which was placed there when his house was erected. The claim that the structure in question is not a fence, within the meaning of the injunction, but a woodshed, is a mere pretense. The inner posts and the roof together brace and strengthen the fence, but it is clear that the structure was erected, not to provide storage room for Noel, but to obstruct the windows of the plaintiff, and that the part which Noel regarded as of chief importance, and for which the whole was built, was that which increased the height of the fence which had before existed. The entire structure erected by Noel constituted a fence, within the meaning of the injunction; and the defendant erred in adjudging that Noel had not violated the injunction, and was not guilty of contempt. If the injunction was wrongfully issued, he should have asked for its dissolution, but he violated it at his peril.

Questions which we have not referred to are discussed by counsel for the plaintiff, but, in the absence of an argument for the defendant, we follow our usual custom in such cases,—of not deciding questions which are not necessarily

involved in the determination of the case.  For the reasons shown, the order of the defendant in dismissing the application of the plaintiff in the contempt proceedings is annulled, and further action in harmony with this opinion is directed. —Annulled.