JOHN H. JONES, Plaintiff, v. DAVID MOULD, Judge of the District Court of Iowa, in and for the FOURTH JUDICIAL DISTRICT and H. H. SAWYER, Defendants.

**Constitutional law:** DUE PROCESS: NOTICE. Where a party has been
1  given notice of the commencement of an action against him the constitutional requirement of due process has been satisfied, and unless otherwise provided by statute he will be regarded as in court at each successive stage of the case and until its final disposition.

**Contempt:** *Certiorari:* NOTICE. *Certiorari* is a method by which
2  the higher court undertakes to review certain errors and to affirm or amend the orders, rulings or judgments of the lower court, and is not a new and independent proceeding of which one charged with contempt is entitled to further notice in order to confer jurisdiction.

**Constitutional law:** CONTEMPT: *Certiorari.* The court has power
3  to proceed summarily, without formal indictment or a jury, to hear and determine charges of contempt and to inflict punishment; and as the right to a review of such proceedings by *certiorari* or appeal is purely statutory, the withholding of such a review works no denial of any constitutional guaranty.

**Same:** DUE PROCESS. The statute authorizing a review of contempt
4  proceedings by *certiorari* contemplates such a review, whether the accused has been convicted or acquitted, in all cases where a substantial right either public or private is involved which can only be protected by such a proceeding; and the statute is not invalid because denying to an accused equal protection of the law, or that his property rights have been invaded thereby without due process.

*Same:* FORMER JEOPARDY. Contempt is not a crime although proceedings for its punishment are spoken of a *quasi* criminal, and therefore the constitutional provision respecting former jeopardy is not applicable.

*Certiorari from Woodbury District Court.*—HON. DAVID MOULD, Judge.

WEDNESDAY, JULY 5, 1911.

THE opinion states the case.—*Dismissed.*

*George G. Yeaman,* for plaintiff.

*John H. Joseph,* for defendants.

WEAVER, J.—By decree of the district court of Woodbury County the plaintiff herein, John H. Jones, was duly enjoined from the unlawful sale and keeping for sale of intoxicating liquors. Thereafter complaint was made to said court, charging him with a violation of the injunction, and he was cited to appear and answer concerning the alleged contempt. On the hearing the trial court found the evidence insufficient to sustain the charge, and dismissed the complaint. Thereupon the informant obtained a writ of *certiorari* from this court, directed to the trial court or judge, for a review of said proceedings, and upon an examination and consideration of the record the order dismissing the contempt proceedings was set aside and annulled, and the cause remanded to the trial court for further proceedings in harmony with that decision. *Sawyer v. Hutchinson, Judge,* 149 Iowa, 449.

After the remand had been made, the trial court again cited said Jones to appear and show cause why he should not be punished for contempt. Thereupon the accused appeared and answered, pleading the former hearing and dismissal in bar of further trial or punishment on said charge.

He further pleaded that the *certiorari* proceedings in which the order for his dismissal was set aside was void, and without force and effect against him, because he' was not made a party thereto and no notice thereof was served on him, and that he did not waive such notice by appearance or otherwise. Further answering, he alleged the unconstitutionality of the statute under which he is sought to be punished, on grounds the statement of which we quote from his pleading as follows:

For further defense in this above-entitled cause, this defendant says that section 4468 of the Code of Iowa, under which the Supreme Court of the state of Iowa attempted to review and annul the judgment of the district court, in acquitting this defendant, John H. Jones, in this proceeding, in an action entitled *H. H. Sawyer v. William Hutchinson, Judge,* and to which action this defendant was not made a party, is unconstitutional and void for the following reasons: (1) Under such statute, one who has been acquitted of violating an injunction in contempt proceedings charging such violation may, in violation of both state and federal Constitutions, again be put in jeopardy for the same offense, and on such retrial be convicted and punished. (2) Under said statute, one who has been acquitted of contempt for violating an injunction may be arraigned for punishment, and an attempt made to punish him, because his acquittal has been annulled in a proceeding to which he was not made a party, and in which he did not appear. (3) Said statute violates section 1, article 1, of the Constitution of Iowa, in that it interferes with the right guaranteed in said constitutional provision, including the right to acquire, possess, and protect property. (4) Said statute is repugnant to and in violation of section 9, article 1, of the Constitution of Iowa, in that it deprives the defendant of his property and liberty without due process of law. (5) That said statute is in violation of section 6, article 1, of the Constitution of Iowa, which required that the laws of a general nature shall have uniform operation. (6) Said statute is void for the reason that it deprives the defendant of the equal protection of the laws, in violation of the Constitution of

Iowa, and the Fourteenth Amendment to the Constitution of the United States. (7) Said statute is repugnant to section 2, article 4, of the Constitution of the United States, which provides that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states. (8) Said statute is repugnant to the fourteenth amendment to the Constitution of the United States, which provides that no state shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the law.

These objections were overruled by the trial court, and upon the showing made judgment was entered, finding the accused guilty of contempt and assessing a penalty therefor. It is for the review of this record that the present *certiorari* proceeding has been instituted.

In support of the claim that the judgment assessing a fine against the plaintiff is void, his counsel advances two propositions: (1) That this court has no jurisdiction to review and annul the judgment of a trial court dismissing a charge of contempt; and (2) that section 4468 of the Code is void as depriving a person so accused of liberty and property without due process of law, in violation of the fourteenth amendment to the Constitution of the United States, as well as section 9 of article 1 of the Constitution of Iowa.

I. In argument counsel narrows the first proposition stated by him, urging, not so much that this court is wholly without power to review on *certiorari* the orders of the

1. CONSTITUTIONAL LAW: due process: notice.

trial court in contempt proceedings, but that to bind the accused or to affect his right to rely upon the dismissal of the charge of contempt, he must be made a party to the *certiorari* proceedings, or at least be given timely notice of its pendency. This question was before us in the recent case of *Brown*

*& Bennett v. Powers,* 146 Iowa, 725, where we overruled a like objection, saying: "The statutory proceedings for the review of the judgment of the lower court are essentially a part of the original proceedings, regardless of the particular form of such proceedings. Being statutory, all parties have notice in advance, and are charged with the burden of ascertaining the status of their case in all its stages. Whether formal notice should be given for the purpose of obtaining a review is a question of legislative discretion. In regular appeals such notice is provided for. But such notice is not essential to the constitutionality of the statute conferring the right of appeal." We are still of the opinion thus expressed. It is true, as counsel argue, that "due process of law" requires notice to a party and opportunity to defend, before he can be rightfully deprived of life, liberty, or property; but, notice having once been duly given of the institution of any legal proceeding, the constitutional requirement is satisfied, and in the absence of any statute requiring further notice every party thereto will be treated as in court at each successive stage of the case from its inception until its final disposition, whether in the court of first instance or in the court of last resort, to which it may be carried in the manner provided by law.

II. It is said, however, that the *certiorari* proceeding being entitled against the trial judge or trial court only, it is in effect a new and independent proceeding of which the accused is under no obligation to take notice, but this can not be admitted. *Certiorari* is essentially a phase of appellate jurisdiction. While neither a technical appeal, nor yet a technical writ of error, it is still a method by which the court undertakes to review a certain class of errors, and to affirm or annul certain orders, rulings, and judgments. While the trial court or judge is designated as the respondent in such proceeding, he is not made a defendant in any proper sense of the word, nor is he expected to ap-

*2.* CONTEMPT:
  *certiorari*:
  notice.

pear and defend; but he is made respondent simply as the proper person or official to furnish this court a duly authenticated record of the case in which it is alleged he has entered an erroneous or void order or judgment. When that return is made, his duty in the premises ends, and, if any attorney appears to defend or sustain the validity of such order or judgment, it must be presumed that he appears for the real party in interest, even though he pleads in the name of the respondent. In the case before us, the same counsel who defended plaintiff herein on both hearings in the court below, and is now here representing him, did appear to and contest the *certiorari* proceedings to annul the order of dismissal. True he did not describe himself as counsel for the defendant in interest, and it is agreed that he did not enter any appearance for him. But we can not assume that he appeared in the interest of Judge Hutchinson, who was in court for no other purpose than to produce a correct and faithful record of the proceedings had before him, and could not be heard to advocate or defend the merits of either side of the controversy. Were it necessary, therefore, to find either notice or appearance, in order to sustain the jurisdiction of this court in annulling the order for plaintiff's discharge, we should have no difficulty in holding that is sufficiently shown; but, as we have already suggested, the plaintiff having been once brought into court in the regular course of procedure prescribed by the statute for the punishment of contempts, further notice was not required to give this court jurisdiction to review the record upon *certiorari*. As bearing upon this conclusion, see, also, *Worcester R. R. v. Commissioners,* 118 Mass. 561; *Baker v. City,* 71 Cal., 583 (12 Pac. 685); *Tod v. Crisman,* 123 Iowa, 701; *Davis v. Preston,* 129 Iowa, 674.

There is shown no such failure of notice as to deprive the court of authority to issue the writ or jurisdiction to

review the record disclosed by the return thereto. Through all its mutations the case has presented only the varying phases of a single controversy between the same parties, and it has never been within the power of the plaintiff to withdraw himself therefrom, and thereby deprive the court of jurisdiction to hear and dispose of it in the manner provided by our Code of Procedure.

II.   Code, section 4468, the constitutionality of which is questioned by plaintiff, reads as follows: "No appeal lies from an order to punish for contempt, but the proceedings may in proper cases be taken to a higher court for revision by *certiorari.*" This provision has been a part of the statute law of this state for many years. It has been followed and applied in numerous cases without question, and its constitutional validity appears never before to have been assailed. The proposition now advanced against it is a repetition of the one already considered, that the effect of such statute is to inflict punishment upon one charged with contempt, without due process of law. No authorities are cited which bear out this contention, and we think none can be found.

3. Constitu-
tional law:
contempt:
certiorari.

The power to proceed summarily, without formal indictment and without the intervention of a jury, to hear charges of contempt of court, and to assess punishment upon those found guilty, has been an attribute of all courts of record in every stage of the development of our system of procedure. Without it, the exercise of judicial authority would often be reduced to the merest farce. The right to a review of such proceedings, whether upon appeal or by *certiorari,* is a creature of the statute, and not of constitutional right, and the withholding of such review works no denial of any constitutional guaranty.

But, if we understand counsel's position as ultimately stated by him, the objection which he relies upon most

confidently is directed against the construction of the stat-
4. SAME: due   ute which permits this court, upon *certiorari,*
process.       to annul an order dismissing a charge of
contempt, or, as he terms it, "an acquittal" of such charge.
He argues that upon a fair reading of this section a writ
of *certiorari* lies only from an "order to punish for con-
tempt," and that no authority is granted to review an or-
der discharging the accused. Were this a case of first
impression, the question thus raised might not be altogether
easy of solution, but it is now more than twenty years
since it was considered by this court in a case involving an
alleged contempt of a liquor injunction, and after due de-
liberation it was held that: "As no appeal lies, the judg-
ment of the district court must be reversed in a *certiorari*
proceeding, if it can be done at all. The proper construc-
tion of the statute is, we think, that the action of the court
can in a proper case be so reviewed; that is, the proceed-
ings may be reviewed, whether the defendant has or has
not been punished, in all cases where a substantial right,
either public or private, is involved, which can only be
protected or enforced by the proceeding in contempt." *Lind-*
*say v. District Court,* 75 Iowa, 511. This holding has
since been approved and followed in *Currier v. Mueller,*
79 Iowa, 316; *Cotant v. Hobson,* 98 Iowa, 318; *Lake v.*
*Wolfe,* 108 Iowa, 184; *Bartel v. Hobson,* 107 Iowa, 644;
*Cameron v. Fellows,* 109 Iowa, 534; *Garrett v. Bishop,*
113 Iowa, 23; *Wells v. Given,* 126 Iowa, 343, as well
as in many unreported decisions.

It is obvious that a mere matter of construction, which
had been settled by oft-repeated adjudication for a period
of many years, and has called forth no correction or
amendment of the statute, should not be abandoned, except
for reasons of the most convincing and persuasive char-
acter. We find nothing in the record or argument now
before us to justify the court in such a change of front.

Of course, if the unconstitutionality of the statute as thus construed were now made clearly apparent, neither the array of precedents nor the desire of the court to maintain consistency in its decisions would be permitted to stand in the way of its adopting the plaintiff's contention and annulling the judgment entered against him. But, in our judgment, the objection of unconstitutionality can not be lodged against the statute, whether we read it as plaintiff would have it read, or read it in harmony with the settled construction which the court has hitherto placed upon it.

On neither theory can it be said that he has been denied the equal protection of the law, or that his personal or property rights have been invaded, without due process of law. "Due process," according to counsel, means "ordinary judicial proceedings, or due notice in pursuance of the general law." Accepting that definition for the purpose of this case, it can be well answered that plaintiff has had the benefit of both notice and trial in accordance with the law of the land.

Neither does the plaintiff make a case which entitles him to a plea of former jeopardy, or former adjudication. The constitutional provision upon this subject applies 5. SAME: former only to charges of crime; and contempt, jeopardy. though proceedings for its punishment are generally spoken of as *quasi* criminal, is not a crime. *Manderscheid v. Court,* 69 Iowa, 240; *Drady v. Given,* 126 Iowa, 345; *State v. Becht,* 23 Minn. 411; *Brown v. Farley,* 38 N. J. Eq. 186.

No valid reason being shown for annulling or otherwise interfering with the judgment of the trial court, the writ of *certiorari* is *dismissed.*