CEDAR FALLS NATIONAL BANK, Appellant, v. CLYDE R. BOSLOUGH et al., Appellees.

No. 42468.

JUNE 23, 1934.

Merner & Merner, for appellant.

Herbert A. Greenhaus and V. Leon Belt, for appellees.

MITCHELL, J.—On the 2d of March, 1933, the Cedar Falls National Bank filed in the office of the clerk of the district court of Black Hawk county, Iowa, a petition against Clyde R. Boslough. In said petition the bank alleged that it was the absolute owner of lot No. 1 in block No. 9, original plat of the city of Cedar Falls, Iowa; that the improvements on said lot consisted of a garage building and a service station including driveways leading to and from the street, together with underground tanks, adjacent and appurtenant to said premises. In said petition they alleged that they leased said premises to Clyde R. Boslough and one Carl Peterson for a term of six months, commencing October 1, 1932, and ending the 1st day of April, 1933; that the said Clyde R. Boslough was breaking up and destroying the driveway and concrete pavement, and removing the underground tanks; that the said actions of the said Clyde R. Boslough would cause great and irreparable damage to the bank unless restrained; and that the bank had no speedy and

adequate remedy at law; and prayed that a temporary writ of injunction issue. Upon the filing of said petition on March 2, 1933, a temporary injunction was ordered by the court upon the filing of a bond of $500. The said bond was duly filed and a temporary injunction issued against Clyde R. Boslough, enjoining and restraining the said Boslough from injuring or destroying the building or improvements on said premises, above described, or the concrete driveway, and from removing from said premises any underground gasoline tanks or other fixtures connected with said property. The writ of injunction was on the 2d of March, 1933, served on the said Clyde R. Boslough. On the 13th of April, 1933, the bank, plaintiff in the case below and appellant here, filed an amendment to the petition, making Chris Christensen a party defendant, and alleging that the said Chris Christensen claimed to have purchased the alleged interest of the said Clyde R. Boslough under execution sale, in the said underground tanks and equipment, which were described in the appellant's petition, and threatened to break up and remove the said tanks and fixtures, and asking and praying that a temporary writ issue against the said Chris Christensen. On April 13, 1933, after the filing of said amendment, the appellant caused to be served upon the appellee, Chris Christensen, an original notice thereof, expressly notifying said Chris Christensen that a temporary writ of injunction had been theretofore issued enjoining the injury of the said property described in the appellant's petition, and the removal of certain underground gasoline tanks from the premises. On April 13, 1933, a duplicate copy of the said original writ of injunction was issued by the clerk of the district court, directed to Clyde R. Boslough and Chris Christensen, and the same was on said date duly served on the said Chris Christensen. Thereafter the appellant bank filed an affidavit, showing that on the 15th day of April, 1933, the said Chris Christensen was destroying the property and attempting to remove the gasoline tanks from said property. Upon the filing of this affidavit the court made the following order:

"Upon showing filed that defendant, Chris Christensen, has violated said injunction, it is ordered that a precept issue under Section 12535 of the Code, to the sheriff of this county, directing him to attach said defendant and bring him forthwith before a judge of this court at the courthouse in Waterloo, Iowa."

On the same date a precept was issued to the sheriff, who served

the same upon the said defendant on April 25, 1933. On April 19, 1933, Chris Christensen filed a motion to dissolve the temporary injunction. The said contempt matter was taken up for hearing on April 26, 1933, and was submitted to the court upon affidavits filed by the respective parties. The lower court discharged the defendant on hearing in regard to his being in contempt of court, and the bank, being dissatisfied with the decision and judgment of the lower court, has appealed to this court.

It will be noted that this is a contempt proceeding in which the lower court discharged the defendant. It is an attempt on the part of the Cedar Falls National Bank to appeal from the decision of the lower court, discharging Christensen, who was charged with being in contempt of court. The Cedar Falls National Bank was not a party to the contempt proceeding. It was a mere informer and witness. It is purporting to carry on this appeal under the title of its own civil case. It has no right to such use of the title. The contempt proceedings were no part of its case. The purported appeal in this case is therefore dismissed, and the costs will be taxed to the Cedar Falls National Bank.—Appeal dismissed.

CLAUSSEN, C. J., and EVANS, STEVENS, ALBERT, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.