CATHERINE A. METZGER, Appellant, v. OTIS C. METZGER, Appellee.

No. 43912.

MARCH 8, 1938.

Earl C. Mills, Harold Levis, and Ted Sloane, for appellant.

Guy A. Miller, for appellee.

MILLER, J.—On the 22nd day of December, 1931, the plaintiff, appellant herein, was awarded a decree of divorce from the defendant, appellee herein, in which decree plaintiff was awarded the custody and control of the two minor children of the parties; and which decree further ordered the defendant to pay to the clerk of the Polk County district court the sum of $10 per week as support money for such children, commencing March 1, 1932.

On February 25, 1936, the plaintiff filed herein her verified petition for rule to show cause why defendant should not be punished for contempt, therein alleging that defendant was in arrears in paying support money as ordered by said decree, in the amount of $1710 to March 1, 1936, further alleging that defendant had only paid the sum of $210 since the date of said decree; and also alleging therein that defendant willfully refused to make such payments of support money. Thereafter, on March 12, 1936, a citation was issued by one of the judges of the district court of Polk County, to the defendant to show cause why he should not be adjudged to be in contempt of court for his alleged failure to comply with the terms of said divorce decree. On March 10, 1936, the defendant filed an application

to modify the original decree of divorce, and the hearing upon that application was consolidated with the hearing upon the citation to show cause why defendant should not be punished for contempt. Following hearing thereon, on the 20th day of April, 1936, the court found that the defendant was not in contempt of court, and dismissed the contempt proceedings, and likewise on said date modified the original decree by reducing the support money payments for said minor children from $10 per week to $10 per month, as of October 1, 1935. Thereafter, plaintiff perfected an appeal from said order in its entirety, and herein claims that the trial court erred (1) in failing to find the defendant guilty of contempt, (2) and in modifying the original decree of divorce.

■■■ The first contention of appellant, to the effect that the court erred in failing to find appellee guilty of contempt, cannot be considered in this appeal. Section 12550 of the Code provides as follows:

"No appeal lies from an order to punish for a contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by certiorari."

This particular statute has heretofore been construed by this court to mean that no appeal lies from a contempt proceeding regardless of whether the order therein was for punishment or of discharge. In the case of Currier v. Mueller, 79 Iowa 316, 44 N. W. 555, which was an appeal from contempt proceedings wherein defendants were discharged and not punished, this court dismissed the appeal on the ground that it was without jurisdiction, and determined without question that the judgment of the district court in a contempt proceeding could only be reviewed in certiorari, regardless of whether the defendant was or was not punished. In this connection see also the First Cong. Church v. City of Muscatine, 2 Iowa 69; Lindsay v. District Court, 75 Iowa 509, 39 N. W. 817; Jones v. Mould, 151 Iowa 599, 132 N. W. 45, and Cedar Falls Nat. Bank v. Boslough, 218 Iowa 502, 255 N. W. 665. Being without jurisdiction to review contempt proceedings by appeal, it follows that all objections to the action of the trial court in relation to the alleged contempt, must be ignored.

■■■ The remaining contention of the appellant is that the

trial court was in error in modifying the original decree. Section 10481 of the Code provides as follows:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

The question of modification as permitted by that statute has been before this court quite frequently, and the rules of law applicable thereto seem to be very definitely settled by our former opinions. In the case of Newburn v. Newburn, 210 Iowa 639, on page 641, 231 N. W. 389, 390, Justice Stevens, in speaking for the court, makes the following statement:

"The statute, section 10481, authorizes the court, upon proper application, after a divorce decree has been granted, to modify the same, upon proof of substantial changes in the circumstances of the parties which render such modification expedient. This statute has been many times considered and applied by this court. It has always been held that the original decree is conclusive upon the parties as to the then circumstances of the parties, and that the power to grant a modification in the decree is not a power to grant a new trial, or to retry the same issues, but only to adapt the decree to the changed conditions of the parties",—See, also, cases therein cited, and Boquette v. Boquette, 215 Iowa 990, 247 N. W. 255; Corl v. Corl, 217 Iowa 812, 253 N. W. 125.

This court has uniformly followed the rule as stated in the case of Newburn v. Newburn, supra, and it has likewise been uniformly held that to warrant a modification of the original decree that the changed conditions of the parties must be a substantial change, and not an inconsequential one.

"While the statute contemplates that changes may be made in an award of alimony after a final decree has been entered, it is only when there has been a substantial change in the conditions of the parties that a modification should be made. An award of alimony entered in a final decree is not to be regarded as a variable sum, to be adjusted either upward or downward with each fluctuating change in the conditions of the respective

parties. Such a decree is entered at the time, with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. At the time such an award is made in a final decree, the court should take into consideration all of the facts and circumstances surrounding the parties at the time, and also the reasonable prospects regarding their future condition, and make such an award as will fairly and reasonably be right and proper, under all of the circumstances. When this is done, such decree is conclusive, and should not be disturbed, unless it is made to appear that the enforcement of the decree will be attended by positive wrong or injustice, under changed conditions. This is the well established and recognized rule of this court.'' Keyser v. Keyser, 193 Iowa 16, 186 N. W. 438.

It is then necessary to consider the evidence herein to ascertain whether or not there was such a substantial change in the circumstances of the parties between the date of the entry of the original decree and the time of the hearing upon the application for modification, as to warrant a modification of the decree.

The present ages of appellant and appellee are 27 and 32 years, respectively, and at the time of granting the original decree their two children were of the age of 4 years and six months, respectively. The appellee is a high school graduate, a graduate of the law department of the University of Arizona, has been admitted to practice, and at the time of the original decree was engaged in the practice of law in Des Moines. Appellant, prior to their marriage worked in a beauty shop in Des Moines. Following the granting of the decree, appellee, to an extent, made some effort to practice law in Des Moines, Grand Junction, and Tucson, Arizona. He remarried in January, 1935, following which second marriage he and his present wife resided for a part of the time with appellee's mother at Grand Junction, Iowa, and since said time they have resided with his present mother-in-law in Perry, Iowa. He has apparently given some thought to commencing the practice of law in Perry, Iowa, but has never established an office there for the purpose. The record establishes that ever since his second marriage, the appellee has to a large extent lived off the bounty of his wife, mother, or mother-in-law, and that during said period he has not been self-supporting. His various attempts to engage in the practice of

law have rendered but little remuneration. It appears that during his father's lifetime his father was mayor of Grand Junction, and on account of that relationship the appellee did perform some legal business for the town of Grand Junction. The record of appellee, to say the least, is far from encouraging, and it is apparent from an examination of the same that up until the present time, he has been far short of a success, either in the practice of law or in any other endeavor. However, the record is absolutely void of any evidence as to his financial condition, or the amount of his earnings at and prior to the time of the granting of the original decree, and we are therefore unable to see how in any shape, manner, or form there has been any change in his condition in this respect since the granting of the decree. As far as we are able to ascertain from a reading of the record, his financial condition and his ability to earn a livelihood were no better or no greater at the time of the granting of the original decree than the same are at the present time. He does make the contention that his health is somewhat impaired, and that on account thereof he is not able to perform heavy manual labor, but, in connection therewith, it was fairly established at the time of the hearing on the application to modify that his health was in about the same condition it had been for the past seven years, which of necessity results in his physical condition being practically the same at the time of the original decree as it was at the time of the hearing upon the application to modify. We likewise find, in that connection, that he was successful in passing a medical examination and procuring life insurance about 18 months prior to the hearing upon the application to modify.

The only change in the circumstances of appellant since the original decree was granted, is that appellant was not working then, but at the present time is working in a beauty shop in Chariton, Iowa, and receiving therefrom approximately $12 per week, and that therefrom, added to the small amount that appellee has paid, she is compelled to support, maintain, and clothe herself and said minor children. In our opinion that does not constitute a sufficient change of circumstances to warrant the court in reducing the amount decreed that appellee should contribute for the support of the minor children of himself and appellant. The only change in the circumstances of appellee is his remarriage, and it hardly requires citation of authority that such remarriage alone is not such a change in circumstances as

552

would warrant the court in modifying the provisions of a decree in appellant's favor. Boquette v. Boquette, supra; Stone v. Stone, 212 Iowa 1344, 235 N. W. 492; Toney v. Toney, 213 Iowa 398, 239 N. W. 21. In the case of Newburn v. Newburn, supra, the appellee had remarried and his new wife was soon to give birth to a child. In that case appellee contended that his health was impaired, that he had been sick, and compelled to incur expense because thereof, also that the ability of appellant to support the minor child, of himself and appellant, had materially increased since the divorce was granted, but therein his income had not been impaired. The trial court modified the decree in favor of appellee, but upon appeal it was held that all of the matters shown in that record did not disclose a sufficient change in the circumstances of the parties as to justify the modification by the trial court.

In accordance with undisputed precedents, we are compelled to find that no showing was made in the instant case of subsequent changes in the circumstances of the parties sufficient to justify a modification of the decree, and the finding of the trial court, in so far as said finding modified said original decree, must be reversed.

The appeal in so far as the same affects the order of the court in refusing to find appellee guilty of contempt is dismissed, and the order of court in so far as the same modifies the original decree, is reversed.—Reversed.

STIGER, C. J., and RICHARDS, DONEGAN, KINTZINGER, ANDERSON, and SAGER, JJ., concur.