MARDELLE TIGHE, appellant, v. JAMES J. TIGHE, appellee.

No. 50119.

(Reported in 105 N.W.2d 495)

OCTOBER 18, 1960.

Ted Sloane and Russell Jordan, both of Des Moines, for appellant.

Richard D. Morr, of Chariton, for appellee.

PETERSON, J.—This is an action for modification of divorce decree as to child support. James J. and Mardelle Tighe were divorced September 5, 1952. They had one boy, Terry, two years old. By stipulation his custody was granted to the mother. It was also stipulated the father should pay $10 per week toward his support. There was no other property or alimony allowance to the mother.

The father was only working at odd jobs at the time of the divorce, but he had been working on a railroad for some months, shortly previous thereto, at $288 per month. In November 1952 he enlisted in the air force, on a career basis. He is now a staff sergeant, stationed at Marsh Air Force Base, in California. His pay is now $375.90 per month, but from this must be deducted $56.90, which he gets as an allotment for his present wife. He is remarried and has two more children. The allotment for his wife is $116.90 per month, but he has to pay $60 from his regular monthly pay, leaving the above net amount. He has no income tax to pay. The allotment made by the government for Terry is $40 per month, which the mother gets regularly. This is included in the above monthly salary. James does not pay the mother the difference between $40 per month and $10 per week, and this has shorted her $40 per year for eight years, or $320.

Mardelle had to go to work to support herself and to earn the additional amount necessary for Terry's support.

She testified about her income: "This figure of $2635.35 is my take home pay after all deductions, social security, insurance, income tax, life insurance, etc." In addition to this she gets the $480 for Terry. Living modestly she has been able to get along, but has been unable to save anything. Terry is now 10, and is entering his "teen" years.

The only legal question in the case is whether or not there has been such a change in conditions that the mother is entitled to an increase in support money from the father. The able trial court thought not.

Section 598.14, 1958 Code, provides: "When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties

as shall be right. Subsequent changes may be made by it in these respects when circumstances render them expedient."

The question has had consideration from this court in numerous cases. We cite a few recent decisions: Schneider v. Schneider, 207 Iowa 189, 191, 222 N.W. 400; Metzger v. Metzger, 224 Iowa 546, 549–552, 278 N.W. 187; Jensen v. Jensen, 237 Iowa 1323, 25 N.W.2d 316; Brin v. Brin, 240 Iowa 659, 37 N.W.2d 261; Beyerink v. Beycrink, 240 Iowa 45, 48, 35 N.W.2d 458; White v. White, 251 Iowa 440, 101 N.W.2d 18.

The general rule is well stated in Beyerink v. Beycrink, supra: "The power of the trial court or of this court * * * should be exercised only when there is a material and substantial change of condition or circumstance respecting one or both parties * * * rendering a modification therein expedient."

As to changed conditions there are rarely identical cases. Each case must be decided on the essential facts of the case involved. The facts of the case at bar have conditions and circumstances not found in any of the cited cases. The statute and cases are important as expressing general principles.

The mother earns more than she did at the time of the divorce. However, it has only been enough to maintain herself and Terry through the years. She now faces heavier expenses as Terry becomes older.

Estimating the income tax Sergeant Tighe saves at a minimum of $25 per month his take home pay has increased from $288 per month (from which income tax should be deducted) to $344 per month. This is an increase of at least $75 per month, considering the income tax question as to both items. Considering the parties and their circumstances this is a material change, and a small increase in support money for Terry is expedient.

Mr. Tighe is not entitled to consideration for the new family he has acquired, as pertaining to partial support of Terry, except to the extent of the allowance to the new wife from the government. At the very minimum it will cost $100 per month to maintain Terry in the years ahead. Defendant should carry one half of the load. Instead of falling behind with Mardelle $3.33 per month, as he has, and as he will for the next eight years unless some new arrangement and allotment is made, he

should pay toward Terry's keep an additional $10 per month; or $50 instead of $40.

The trial court should enter new or amended decree accordingly.

After the decree is entered the clerk of the court shall mail certified copy to the commanding officer at Marsh Air Force Base, in order that the allotment toward Terry's support may be increased $10 per month.—Reversed and remanded.

All JUSTICES concur.