CHAMBERS, *et al.* v. LEWIS, *et al.*

1. CERTIORARI. A motion for a writ of *certiorari* should point out specifically the illegalities in the proceedings complained of.

2. SAME. Illegal proceedings in the location of a county or state road by a county judge, may be corrected by *certiorari*.

3. JOINDER OF PARTIES. Several owners of several and separate tracts of land, over which a state or county road has been located, cannot join in an application for a writ of *certiorari* for the purpose of ascertaining the damage only. *Quere*, can they be joined in any case?

Chambers, et al. v. Lewis, et al.

4. NAME OF A PARTY. An application for a writ of *certiorari* against a public officer, should give his individual and official name. It is not sufficient if the official name alone is given.

*Appeal from Mills District Court.*

FRIDAY, NOVEMBER 4.

*Soloman* for the appellant.

No appearance for the appellee.

WOODWARD, J.—This was a petition for a writ of *certiorari* presented to the District Court, February Term A. D. 1859, in Mills County. The petition, or motion, represents that J. Chambers, Hellen Bedell and James McCoy were the owners severally of three certain tracts of land, described, each being the owner of one of them, over which the county judge of Mills County, on the first Monday of January 1859 located a county road contrary to the will of the said owners respectively; that the location and establishment of the road was illegal and void, the requirements of the Statute not having been complied with, and particularly that the damages arising to the said owners had not been assessed, notwithstanding application therefor had been duly made by each of the petitioners. They therefore pray that a writ of *certiorari* be issued to the county judge commanding him to certify fully the record and all the facts touching the location of the said road. The petition is duly sworn to. The record does not show that the court ordered notice, but without any thing farther the motion was overruled and the writ refused, and the petitioners appealed.

The motion should point out the illegalities of the proceeding specifically. The only one which it does so direct attention to, is the want of a jury to inquire of the damages, though the petitioners allege that the proceedings were irregular and illegal in other respects. There is nothing in the case which points out upon what ground the court refused the motion. This writ may issue to correct illegalities in a

proceeding of the nature referred to in the motion, and although this petition is somewhat barren in averments, yet it appears to be sufficient in respect to the non-assessment of damages.

But there are two defects in the petition which were probably the ground of the action of the court below.

The rights of these three owners of the several parcels of land, are several and distinct, and the parcels of land described unconnected, one with another. We would not say that there might not be cases in which they might not join for the writ, but when, as in this case, the only point is the ascertainment of the damages, the right to this is so entirely distinct, that we do not think they can join.

The other defect is the want of parties defendants, or against whom the motion is made. In the title of the cause James Lewis alone is named, who appears to have been one of the applicants for the road, and neither he nor any person is named in the body of the petition. But he is not a necessary party, and this is mentioned only as showing that even he, who is named in the title, is not made a party. The county judge alone, by his official title, is made respondent. He is the right party, but the person should be named. The process of the court can run against, and act upon the person only. It does not act upon an officer, as such. Though the command may be to do, or to correct, an official act, yet it is directed to the person. In the present case the county judge is not named, and there is no person against whom the writ can run.

For these reasons we think the court properly refused the writ, and the judgement is affirmed without prejudice to further proceedings of the petitioners.