HARRY MARCUS vs. COMMISSIONER OF PUBLIC SAFETY.

Suffolk. December 9, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Commissioner of Public Safety. Zoning. Garage. Certiorari.*

By § 4 of St. 1924, c. 488, the Boston zoning act, all provisions of § 3 (9) with respect to garages in single residence districts are imported into § 4 and made applicable to garages in general residence districts.

Under G. L. c. 147, § 5, the commissioner of public safety has jurisdiction to hear an appeal from an order of the State fire marshal under St. 1924, c. 488, § 3, cl. 9; § 4, revoking a permit for the erection of a public garage in the general residential district of Boston, and to disapprove the order of the State fire marshal.

The only respondent in a petition for a writ of certiorari is the tribunal whose action is to be examined; it is not proper to allow a motion joining as a party one to whom the order sought to be quashed related.

In such proceedings, it is proper and in accordance with usage to permit counsel for a party, having a private interest to maintain in the proceeding sought to be quashed, to file a brief or to argue in opposition to the petition, usually by permission and in the name of the respondent.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on September 1, 1925, for a writ of certiorari directed to the commissioner of public safety and requiring the certification by him of proceedings relating to his disapproval of an order by the State fire marshal revoking a permit for the erection and maintenance of a public garage on Queensberry Street in Boston.

The commissioner filed a demurrer and a return setting forth docket entries of the case from the date of the granting of the permit by the street commissioners of Boston. The order of the commissioner of public safety, upon the appeal from the order of the State fire marshal, was: "After hearing thereon, I disapprove said order."

The case was reserved by *Wait*, J., for determination by the full court, upon the petition, the demurrer, and the return by the respondent.

*F. M. Carroll*, for the petitioner.

*J. E. Hannigan,* (*T. A. Mullen* with him,) for the respondent Queensberry Realty Co.

*L. Goldberg,* Assistant Attorney General, for the respondent commissioner.

RUGG, C.J. This is a petition for a writ of certiorari. The material facts are that the petitioner is the record owner of an apartment house in the general residence district in Boston, abutting upon land owned by the Queensberry Realty Company. To that company on June 23, 1925, the board of street commissioners of Boston granted a permit to erect a public garage and a license to keep and store gasoline, both to be exercised on its lot. The petitioner appealed from that decision to the State fire marshal, who, on July 18, 1925, after due proceedings revoked that permit and license. The Queensberry Realty Company appealed from that revocation to the commissioner of public safety, who, after hearing, disapproved on August 28, 1925, the action of the State fire marshal. The question argued is whether the commissioner of public safety had jurisdiction to entertain the appeal.

The Boston zoning act, St. 1924, c. 488, so far as relevant governs the rights of the parties. By § 3 it is provided that, in single residence districts no building shall be erected except for uses designated, one of which, subsection 9, is: "Garages . . . provided after public hearing the board of street commissioners grants a license therefor. . . . From any decision of said commissioners granting any such license any person aggrieved may take an appeal, . . . to the State fire marshal, who may after public hearing suspend or revoke any such license." It is provided in § 4 that in "a general residence district no building . . . shall be erected . . . except for one or more of the following uses: (1) Any use permitted in a single residence district." All provisions of § 3 (9) with respect to garages in single residence districts are thus imported into § 4 and made applicable to garages in general residence districts. The effect of these provisions is that a garage may be erected in a general residence district upon the same conditions and limitations and in accordance with the same procedure as is required for the erection of a garage in a single residence district, and in no other way.

It is provided in § 1 of the Boston zoning act that words not defined in the act or in the building law of Boston shall be construed or defined " as in the regulations of the department of public safety." The implication of this is that the authority given to the State fire marshal is conferred upon him as a member of the department of public safety. It is provided by § 22 of the Boston zoning act among other matters that this "act shall not interfere with, abrogate, annul or repeal any statute previously enacted, relating to the use of buildings or premises . . . ." It is in the light of these provisions that the interpretation of G. L. c. 147, § 5, must be approached. That section provides that "Any person affected by an order of the department [of public safety] or of a division or office thereof, may . . . appeal to the commissioner, who shall thereupon grant a hearing, and after such hearing may amend, suspend or revoke such order. Any person aggrieved by an order approved by the commissioner may appeal to the Superior Court . . . ." A somewhat analogous provision is found in G. L. c. 148, §§ 30, 31, 45, whereby the State fire marshal is given authority to delegate the power to issue licenses or permits, among other matters, for the keeping and storing of gasoline in Boston, and the right of appeal to the State fire marshal is conferred on a person aggrieved by action taken pursuant to such delegated authority. Action by the State fire marshal in this connection is subject to appeal to the commissioner of public safety. *Foss* v. *Wexler*, 242 Mass. 277. The State fire marshal is the director in charge of a division of the department of public safety. G. L. c. 22, § 3. There would be a kind of incongruity in holding that with respect to the license to keep and store gasoline there can be an appeal to the commissioner and that with respect to the license to erect a garage there can be no such appeal.

The reasonable construction to give to G. L. c. 147, § 5, is that it applies to action by the State fire marshal with respect both to licenses to keep and store gasoline and to licenses to erect garages. The procedure is thus rendered harmonious and consistent. It seems much more consonant with presumed legislative intention that as to both

matters final determination should rest with the head of the department. The authority granted to the State fire marshal in each instance is vested in him because of his relation to the department of public safety. The limitations upon the finality of his action as a member of that department naturally inhere in action taken by him under § 3 of the Boston zoning act, said c. 488. While the Boston zoning act is a comprehensive measure covering the entire field touched by its several sections, there is no controlling reason for holding that the boundaries set to the general authority of the State fire marshal should not follow him in the exercise of functions vested in him by § 3 of said c. 488.

The history of earlier statutes on the subject has a slight tendency to confirm this view. But it is not necessary to review them.

The conclusion is that no error of law is disclosed on the return because the commissioner of public safety had jurisdiction under the statute to pass upon the appeal.

A word ought to be said concerning practice. After the petition had been filed, a motion by the petitioner was presented asking that the Queensberry Realty Company, to which the permit had been granted, be joined as a party in the proceeding and enjoined from continuing the construction of the garage. The motion was allowed and the injunction denied. This was irregular. The only respondent in a petition for a writ of certiorari is the tribunal whose action is to be examined. No other party can be joined as a respondent, or file an answer, or demur. It is proper and in accordance with usage to permit counsel for a party, having a private interest to maintain the proceeding sought to be quashed, to file a brief and to argue in opposition to the petition, usually by permission and in the name of the respondents. *Worcester & Nashua Railroad* v. *Railroad Commissioners*, 118 Mass. 561, 564. *Byfield* v. *Newton*, 247 Mass. 46, 52. G. L. c. 249, § 4.

The allowance of the motion must be reversed and the motion denied and the petition dismissed.

*So ordered.*