ANTONIO TETRO, PROSECUTOR, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A CORPORATION, DEFENDANT.

Argued January 23, 1947—Decided February 21, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the prosecutor of the writ, *Aaron Gordon* and *Morris Edelstein.*

For the defendant, *Henry J. Sorenson* and *Carl T. Freggens.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The writ of *certiorari* went to review a determination in the Hudson Common Pleas reversing an award by a deputy commissioner in a workman's compensation case wherein the prosecutor was claimant and Public Service Electric and Gas Company was employer and respondent. The writ was directed to Paul J. Duffy, one of the Common Pleas Judges of the County of Hudson, who sat in the case, and to the clerk of the Common Pleas Court. The record does not disclose how the writ was endorsed. The writ was not served upon the Public Service Electric and Gas Company, and no formal notice, indeed no notice in writing, of the issuing of the writ was served upon it other than a copy of the reasons which was served after the return day named in the writ. Public Service moves to quash the writ and advances, among other reasons, some of the incidents just mentioned.

A writ should be directed to the person or persons who, in legal contemplation, has or have the custody of the record to be certified and, when court proceedings are involved, to the court rather than to the clerk who, although he may be in actual possession of the record, is merely the subordinate officer of the court. *Davis* v. *Town of Harrison,* 46 *N. J. L.* 79, 86. So, we find that in our early cases the writ was directed to the Common Pleas Court where the proceedings in that court were desired, *State* v. *Giberson,* 14 *Id.* 388, and the writ was entitled as between the applicant for the writ as plaintiff or prosecutor in *certiorari* and the adversary party as defendant, *Griscom* v. *Gilmore,* 15 *Id.* 475. Again, as to the entitlement of the proceedings we find it said in *State* v. *Hanford,* 11 *Id.* 71, 74:

"The manner of entitling writs of *certiorari* has not been entirely uniform, nor does it appear to be satisfactorily or

firmly settled either by a course of practice or by express decision. In matters really of private right, or speaking, perhaps more correctly, of individual controversy, the more common method seems to have been to name the party complaining of injury and seeking relief, as plaintiff, and the party by whom, or at whose instance, the injurious act has been done, or sentence or decree rendered, the defendant."

For technical correctness the court should be named rather than a member of the court, particularly where the court consists of more than one judge. The parties whose rights are to be affected must, in some formal manner, be seasonably notified of the allowance and sealing of the writ. That may "conveniently (though perhaps inartistically) be done by directing the writ to them and serving it upon them," *Kirkpatrick* v. *Commissioners,* 42 *N. J. L.* 510, although the older practice seems to have been to direct the writ to those persons who were commanded to certify the judgment or order to be reviewed and to endorse it with the names of those interested in maintaining such judgment or order as defendants and serving it upon them, *Hutchinson* v. *Rowan,* 57 *Id.* 530. The inept naming of Judge Duffy, one of the several Common Pleas Judges, rather than the court itself, has done no harm; the record appears to have been duly returned.

The substantial ground urged in support of the pending motion is that there is an outstanding warrant for the satisfaction of the judgment sought to be reviewed. That warrant was executed and delivered by the claimant (prosecutor of the writ) and by his attorney of record after the award of the judgment sought to be reviewed and before the writ issued. Prosecutor no longer has an interest in the judgment and had not when the writ was allowed. There is nothing to review at his instance.

The warrant recites the various facts regarding the award in the Bureau, the appeal to the Court of Common Pleas and the determination of that court on December 29th, 1945. It bears March 25th, 1945, as the date of execution, a manifest error as is disclosed by the events therein detailed and by the proofs adduced by the movant. Counsel for the prose-

cutor of the writ now, after the close of the argument and the submitting of briefs, and without denying that the true date of execution was March 25th, 1946, undertakes to make the point, conceded by him to be "highly technical," that Public Service may not have the advantage in the pending matter of the warrant without first going into Chancery with a bill to reform. Antonio Tetro, the claimant, and Morris Edelstein, the attorney of record of Tetro in the Bureau, in the Pleas, and here. executed the warrant which shows full satisfaction of the judgment and authorizes satisfaction of the same, and both of those persons duly acknowledged execution before Irving Edelstein, an attorney-at-law of this state; and the instrument was regularly delivered. We do not need the finding of another tribunal to enable us to refuse to review, under our prerogative writ of *certiorari*, a judgment in which the prosecutor so clearly no longer has an interest.

The writ of *certiorari* will be quashed, with costs.