Ruby Marie Penland, appellee, v. Harry E. Penland, appellant.

No. 50967.

(Reported in 122 N.W.2d 333)

June 11, 1963.

Life, Davis & Life, of Oskaloosa, for appellant.

No appearance for appellee.

Thompson, J.—On August 6, 1959, a decree of divorce was granted to the plaintiff from the defendant. Custody of three minor children of the parties was given to the plaintiff, and it was

ordered that the defendant pay to the clerk of the Lee District Court the sum of $7.50 per week for the maintenance and support of each child, commencing on August 8, 1959, and weekly thereafter until "said children shall attain the age of eighteen years, marry or become self-supporting." The children were at the time six, three and two years of age respectively. It is evident that no one of them had reached the age designated, or had married or become self-supporting.

Thereafter, presumably upon the application of the plaintiff, a citation for contempt was issued against the defendant. He was ordered to appear before the Lee District Court on February 5, 1962, to show cause why he should not be punished "for wilfully disobeying the judgment of the Court made and entered of record on the 6th day of August, 1959, by the terms of which you are required to make payments for the support and maintenance of your three minor children."

The defendant appeared on the date specified, and a hearing was had, as a result of which he was adjudged to be in contempt and was sentenced to confinement in the Lee County jail for a period of thirty days. From this judgment he appeals.

■ I. No appeal lies from an order to punish for a contempt, the remedy being by certiorari. Section 665.11, Code of 1962. We have followed this rule in many cases.

However, there is no appearance for either the captioned plaintiff here or the district court, which would normally be the respondent in a properly brought certiorari action. So the question of the validity of the appeal is not raised, except as we may be required to consider it in relation to the question of our jurisdiction. Prior to the adoption of the Rules of Civil Procedure there was no provision for substitution of a proper procedure for review, as by certiorari, for an improper one, as by appeal. But rule 352 now says:

"Certiorari or appeal. If any case is brought to the supreme court by appeal or certiorari, and the court is of the opinion that the other of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought.

"A petition for writ of certiorari may under this rule be treated by the court as application to grant an appeal (as provided in rule 332) and conversely an application to grant an appeal may be treated as a petition for certiorari.

"Provided, however, nothing in this rule shall operate to extend the time within which an appeal may be taken."

But this does not solve our problem. Granted that we are directed to consider this appeal as in effect an action in certiorari challenging the jurisdiction or legality of the action of the district court, some difficult questions still present themselves. Rule 307 provides: "The petition shall be entitled in the name of the petitioner as plaintiff, against the inferior tribunal, board or officer as defendant." Rule 312 states the manner of service of the writ. If directed to a court, "service shall be on a judge or clerk thereof;".

It is apparent that if we are to consider the appeal here as an action in certiorari, we must hold that rules 307 and 312, supra, are not jurisdictional; that, in effect, we may consider this judgment and sentence of the trial court as a mere part of a controversy between the parties to the original divorce suit. But it is clearly something more than that. What the named defendant here—who should under rule 307 appear as the plaintiff—seeks to avoid is not his liability to the named plaintiff, but his conviction of contempt and sentence thereunder.

The controversy is clearly between him and the sentencing court. The only interest his former wife has is at best an indirect one, in that she may hope he will attempt to purge himself of the contempt by paying his arrears of support money ordered by the original decree. She has no legal interest, although she may have a personal one, in the sentence imposed. In fact, its effect may well be to impair her chance of obtaining further payments, at least while her former husband rests in the Lee County jail.

But the notice of appeal is directed only to the captioned plaintiff and her attorneys. We have no service of the writ or other notice on the court which made the order, as is required by rule 312, supra. In fact, there is no writ, and no return to a writ. The court is not named as a defendant, as rule 307 says

"shall" be done. We do not overlook some language in Jones v. Mould, 151 Iowa 599, 603, 604, 132 N.W. 45, 47: "While the trial court or judge is designated as the respondent in such proceeding [certiorari], he is not made a defendant in any proper sense of the word, nor is he expected to appear and defend; but he is made respondent simply as the proper person or official to furnish this court a duly authenticated record of the case in which it is alleged he has entered an erroneous or void order or judgment."

At the time of this pronouncement, the governing statutes contained no such provision as now found in our present rule 307. In fact, the named respondent was the Judge who had entered the claimed erroneous judgment; so that the language used was no more than dictum. It is also dictum opposed to the general current authority on the question. In 14 C. J. S., Certiorari, section 60, page 205, it is said: "While, strictly speaking, only the tribunal whose act it is sought to examine is a necessary defendant, other parties may and must be brought in if their rights are to be adjudicated." See also 14 C. J. S., Certiorari, section 105, page 241; Hilton v. Second Judicial District Court, 43 Nev. 128, 137, 183 P. 317, 319 ("The respondent tribunal is the real party respondent to a writ of certiorari * * *"); Tetro v. Public Service Electric and Gas Co., 135 N. J. Law 256, 51 A.2d 439, 440; M. & L. Die & Tool Co. v. Board of Review, 76 R. I. 417, 419, 71 A.2d 511, 512 ("Strictly speaking it would appear that the only necessary parties to the proceeding as it now comes before us are the petitioner and the board"); Marcus v. Commissioner of Public Safety, 255 Mass. 5, 8, 150 N.E. 903, 905 ("The only respondent in a petition for a writ of certiorari is the tribunal whose action is to be examined"); Oregon and Washington Savings Bank v. Catlin, 15 Ore. 342, 345, 15 P. 462, 464 ("* * * the county or other public corporation whose acts are to be reviewed must be a defendant, and must have the privilege of being heard before its acts can be annulled on writ of review)."

The early case of Chambers v. Lewis, 9 Iowa 583, 585, recognizes this rule. It is there said: "The county judge alone, by his official title, is made respondent. * * * He is the right party

* * *." So in Tod v. Crisman, 123 Iowa 693, 702, 99 N.W. 686, 689, 690, we held: "The entire proceeding is leveled at the tribunal, board or officer alleged to have exceeded the jurisdiction or authority conferred by law, and ordinarily these are to be deemed proper parties defendant of record. * * * The writ * * * is in the nature of a writ of error to the inferior tribunal, board or officer, the court determining from an inspection of the entire record whether the proceedings are illegal, and therefore the pleadings should be in the name of the defendants of record."

The rule is so well settled that the inferior tribunal is the proper defendant in a certiorari action that the decided cases generally seem to accept it without question. The controversy is usually concerned with the problem whether other interested parties who may be affected by a decision as to the jurisdiction or legality of the order or judgment, are necessary or proper parties to the proceeding. This was the situation in Jones v. Mould, supra, 151 Iowa 599, 132 N.W. 45, and Brown & Bennett v. Powers, 146 Iowa 729, 125 N.W. 833, in each of which the trial court was in fact the named party defendant, but where there is language indicating that it was not a *necessary* party. As we have pointed out, this language was dictum, and is contrary to the general rule, and likewise to the provisions of Rules of Civil Procedure 307 and 312, supra.

II. It is difficult to reconcile rule 352 with Division XIV of the Rules of Civil Procedure, particularly rules 307 and 312 which are a part of that division. Rule 352 is undoubtedly aimed at promoting trials on the merits rather than having review proceedings dismissed because the wrong method of requesting a review has been adopted. But when the application of this rule is attempted it will generally be found, when appeal has been used where only certiorari will lie, that there is a defect of parties in that the inferior tribunal has not been made a party to, or served with notice of, the proceeding. It may be possible to apply rule 352 in cases where the only real controversy is between the parties to the attempted appeal, as is often true in civil cases. Thus, in In re Adoption of Alley, 234 Iowa 931, 937, 14 N.W.2d 742, 745, 746, an adoption proceeding, where the second husband of a divorced wife sought the right

to adopt her minor children by her first marriage, the controversy was between the second husband and the first husband, the father of the children. We there said that we had theretofore considered appeal as a proper method of raising the question of the rulings of the trial court. But we further said, without extended discussion or analysis of rule 352, that it permitted review by certiorari if appeal was not the proper method. We remanded the case to the trial court "to investigate, hear and determine the cause."

Assuming, without deciding, that where the real controversy is between two private parties to a civil suit rule 352 is applicable, we are still unable to say that we can follow it here to the extent of reviewing the order and judgment of the trial court. We have pointed out that we are concerned with a sentence imposed upon the defendant by the court in a contempt proceeding, a quasi-criminal action. The rights of the divorced wife are not involved, except incidentally in that the defendant may be thought more likely to pay his arrears if he is faced with a jail sentence. She is here in somewhat the same position as the complaining witness in a criminal case who has been defrauded or cheated or lost stolen property. The State is there the real party in interest. Here it is the trial court which must be found to have acted in excess of its jurisdiction or illegally if an action in certiorari is to lie. No such claim is made in the instant case; no application for a writ has been made, no notice served upon the court as rule 312 requires, and of course there is no return.

We conclude that we should follow rule 352 by holding that the appeal be considered as an application for a writ of certiorari; that the writ issue; that it be served upon the trial court as provided by rule 312 within twenty days from the filing of this opinion; and that the caption of the case be amended to comply with rule 307. Return to the writ shall be made by the respondent court within twenty days after service. The petitioner shall thereupon have twenty days to file his brief and argument; the respondent shall have thirty days to file his brief and argument if so advised; and the petitioner shall have fifteen days to file reply brief. If notice is not served as above specified, this appeal will be dismissed.

The cause is continued for further proceedings in accordance with the above order.—Cause continued.

All JUSTICES concur in opinion except LARSON, J., who concurs in result only.