170 N.W.2d 246 (1969)
Dorothy J. McDONALD, Appellant,
v.
Wilfred E. McDONALD, Appellee.
No. 53601.
Supreme Court of Iowa.
July 24, 1969.
*247 Simon W. Rasche, Jr., Clinton, for appellant.
David O. Shaff, Clinton, for appellee.
BECKER, Justice.
Plaintiff-wife filed an application to show cause why defendant should not be held in contempt of court. After a hearing on the application the trial court modified the divorce decree slightly, found defendant owed child support for the month of July 1968 and certain other payments totaling $142.29, ordered these sums paid and found the circumstances did not justify a contempt citation. We affirm.
Plaintiff's appeal is specifically limited to failure to find defendant in contempt of court. The five propositions upon which she relies for reversal are failure to find defendant in contempt; (1) for not paying the July 1968 child support of $308, (2) failure to pay a dental bill, (3) failure to pay one-half of certain rents amounting to $118 due, (4) and (5) failure to pay one-half of certain capital gains from two transactions.
The modified divorce decree with which we are here concerned reads in part: "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that commencing with the first day of June, 1967, that the Defendant shall pay as child support in lieu of the sums allowed in the original decree of Court after first allowing deductions for withholding income taxes, both federal and state, plus social security, one-half of the pay then remaining due to the Defendant at the time of each of his pay periods and it being specifically provided that the Defendant shall claim himself and the three children as dependents."
On each of the points discussed by plaintiff the court either modified the decree, interpreted it, or made a specific finding as to the amount defendant owed and ordered it paid. Plaintiff makes no complaint as to these modifications, interpretations or orders. She does not contend the amounts ordered paid have not, in fact, been paid. It should be noted the court particularized the arrangements for defendant's visitation privileges, a point he had complained of in his reasons for not paying the July support.
We find it unnecessary to examine the factual disputes between the parties. The sole question presented is whether the trial court erred in failing to use its contempt power to fine or imprison defendant for failure to make the payments alluded to in plaintiff's propositions.
I. Since the trial court refused to hold defendant in contempt we may properly review this matter on appeal in a divorce matter. Bixby v. Bixby, 253 Iowa 1172, 1174, 115 N.W.2d 852. But where defendant has been held in contempt the only proper method of review may, under some circumstances, be by certiorari. Penland v. Penland, 255 Iowa 308, 122 N.W.2d 333. Our review is not de novo; the decision of the trial will not be lightly reversed; and the evidence to sustain a finding of contempt must be clear and convincing. Harkins v. Harkins, 256 Iowa 207, 211, 127 N.W.2d 87.
This is a civil contempt application; and in connection with such proceeding we said in Nystrom v. District Court, 244 Iowa 735, 739, 58 N.W.2d 40: "Even under the general authority inhering in all courts to punish for contempt it has been said the object and purpose `is not to punish a public offense, but to compel obedience to and respect for the order of the court.' Gibson v. Hutchinson, Judge, 148 Iowa 139, 140, 126 N.W. 790, Ann.Cas.1912B, 1007; State v. Baker, 222 Iowa 903, 905, 270 N.W. 359. And concerning contempt proceedings for failure to pay alimony it is said in 18 Iowa Law Review 66, 67 (November 1932) the purpose `is not to penalize the defendant but rather to secure the payment of the alimony.'
"It seems to be the general rule that prompt compliance after institution of contempt *248 proceedings with the court order or decree alleged to have been disobeyed will usually be regarded as a sufficient purging, `especially where no material injury or loss has been suffered by the party for whose benefit the action was taken.' * * *."
In this case plaintiff alleged arrearages in certain respects. Part of these arrearages were claimed to be due to differing interpretations of the modified decree (see Brody v. District Court, 250 Iowa 1217, 98 N.W.2d 726, for the effect of lack of clarity in the decree). The court interpreted the decree and fixed the obligations of the parties. It properly went no further. Defendant was entitled to purge himself of any claimed contempt by compliance. Bixby v. Bixby, supra; Nystrom v. District Court, supra. The purpose of the contempt proceedings was to compel obedience to and respect for the order of the court. The purpose has been achieved.
Affirmed.
All Justices concur.