In re the MARRIAGE OF Charlotte Evelyn WELSHER and Lawrence Eugene Welsher.

Upon the Petition of Charlotte Evelyn WELSHER, Appellee,

v.

and Concerning Lawrence Eugene WELSHER, Appellant.

No. 61212.

Supreme Court of Iowa.

Jan. 24, 1979.

John A. Templer, Jr. and Steven L. Nelson of Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellant.

James R. Cook of Flagg, Hockett, Benhart, Golden & Cook, Des Moines, for appellee.

Considered by REES, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Respondent Lawrence Eugene Welsher appeals from a trial court order finding him in contempt of court due to willful nonpayment of a child support obligation under a dissolution of marriage decree. Lawrence does not contest the portion of the order finding him in contempt but does claim the court should have reduced his child support obligation by the amount of payments that fell due during extended periods of time when he had physical custody of two of the three Welsher children. We affirm the trial court.

I. *Factual background.* On September 13, 1971, the marriage of Lawrence and Charlotte Evelyn Welsher was dissolved in Polk County district court. Charlotte was awarded custody of the three Welsher children, Michael, Stephanie and Abbe. Prior to entry of the decree, however, Lawrence moved to Maine, taking Michael without Charlotte's consent. The two girls were left with Charlotte.

The dissolution decree provided that Lawrence shall pay to Charlotte, through the clerk of court, the sum of $75 per week child support until their "children shall each have attained his or her majority, become self-supporting, or die, whichever shall first occur." Since the 1971 decree Lawrence has continued to reside in Maine and paid only $190 through the clerk of court and $50 directly to Charlotte toward the support obligation.

Two of the three Welsher children have spent long periods of time with their father in Maine. Although Charlotte was given custody of Michael by the decree, he has continued to live with Lawrence except for summer and Christmas vacations. Stephanie spent the 1975–76 academic year with Lawrence, attending Maine schools. Both Stephanie and Abbe spend summer and Christmas vacations with their father.

Charlotte has made prior unsuccessful efforts to enforce the child support decree. Twice she abandoned her efforts on Lawrence's promise to make support payments.

On July 11, 1977, Charlotte filed an application for citation for contempt of court in Polk County, claiming an arrearage of $18,825. §§ 598.23 and 665.6, The Code, 1977. At the subsequent hearing, Lawrence ap-

peared by counsel who introduced a written statement by Lawrence pursuant to § 665.7 explaining his failure to meet the support obligation.

Counsel contended below and urges here that the child support obligation should be reduced under equitable defenses. Under the estoppel by acquiescence doctrine of *Cullinan v. Cullinan*, 226 N.W.2d 33 (Iowa 1975) and *Anthony v. Anthony*, 204 N.W.2d 829 (Iowa 1973), Lawrence claims a reduction of the child support arrearage for the periods of time he cared for Michael and Stephanie. He urges a one-third reduction because Michael has lived with and been supported by him throughout the custody period. He, furthermore, claims a $900 reduction for the nine-month period Stephanie lived with Lawrence and attended Maine schools.

The court found Lawrence in contempt for willfully failing to pay the child support as ordered under the decree and sentenced him to 30 days in the Polk County jail. The court found the total arrearage to be $18,-825 and denied reduction under equitable defenses. The court did, however, credit the arrearage with $3650 Charlotte received directly from Lawrence and indirectly from the sale of property.[1] The additional credits sought by Lawrence would reduce his child support obligation to $8000 as of the filing of the contempt application.

Lawrence appeals from the district court order, contending the trial court erred in not reducing his child support obligation by the amount of support payments which accrued during the extended periods of his care of Michael and Stephanie.

Charlotte resists Lawrence's contentions and asks for reasonable attorney fees under § 598.24 to be taxed as costs against Lawrence.

■ II. *Equitable defenses.* We must deny Lawrence's contention for the following reasons. The action before trial court

was a contempt proceeding under § 598.23 and Chapter 665. After being found in contempt and sentenced to jail no appeal lies for respondent from the order to punish for contempt. His remedy was certiorari. § 665.11; *Penland v. Penland*, 255 Iowa 308, 309, 122 N.W.2d 333, 334 (1963). If he had not been found in contempt, Charlotte could have appealed as persons in her position did in *Gilliam v. Gilliam*, 258 N.W.2d 155 (Iowa 1977), *McDonald v. McDonald*, 170 N.W.2d 246 (Iowa 1969) and *Harkins v. Harkins*, 256 Iowa 207, 127 N.W.2d 87 (1964).

Instead of filing a petition for writ of certiorari in this court, Lawrence appealed. That posture of the case then brings rule 304, Rules of Appellate Procedure, into play. Rule 304 states in part:

If any case is brought by appeal or certiorari and the appellate court is of the opinion that the other of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought.

Pursuant to rule 304 we proceed to treat the case as if Lawrence had filed a petition for writ of certiorari challenging the legality of the action of the district court.

■ It is well settled that certiorari, unless specifically authorized by statute, lies only when the inferior court or tribunal exceeded its proper jurisdiction or otherwise acted illegally. Rule 306, R.C.P.; *Fetters v. Degnan*, 250 N.W.2d 25, 27 (Iowa 1977); *State v. Cullison*, 227 N.W.2d 121, 126 (Iowa 1975). Under these principles, the merits of equitable defenses in the trial court are not properly reviewed in a certiorari proceeding. Certiorari "is not an equitable proceeding"; rather, "it is action at law." *Id.* at 126; Rule 317, R.C.P.

■ The equitable defenses should have been disregarded in the trial court just as they must be disregarded here. If there is jurisdiction of the parties and legal authority to make an order, the order must be

---

1. Although the authority of the trial court to credit the arrearage is legally questionable under *Gilliam v. Gilliam*, 258 N.W.2d 155, 156

(Iowa 1977), the petitioner has not assailed the action. See rule 14(a)(3), R.App.P.

obeyed however erroneous or improvident. *Critelli v. Tidrick*, 244 Iowa 462, 468, 56 N.W.2d 159, 163 (1953); 42 Iowa L.Rev. 279, 280 (1957); D. Dobbs, *Remedies* § 2.7 at 82–83 (1973). Assuming, therefore, the jurisdiction and legal authority of the trial court to enter the original dissolution decree, Lawrence was required to obey its terms. His failure to comply with the court order to support his children may be punished by contempt proceedings under § 598.-23 and Chapter 665, despite equitable arguments against enforcement of the decree entered over seven years ago.

In the procedural posture of this case, equitable arguments could not be properly presented. The proceedings below were not to collect the arrearage but to punish the failure to pay the child support in the first place. Since respondent is being punished, interposition of equitable bars to recovery is misplaced. There is no action to recover.

The only proper issue before the court in this contempt proceeding was whether Lawrence willfully failed to pay child support in some amount. Assuming the accuracy of respondent's computation, arguendo, he owed at least $8000 delinquent support. Even payment of that amount before hearing could not prevent prosecution of the contempt action. § 598.22.

We hold respondent is not entitled to have the amount of his child support payments reduced as requested in this contempt proceeding.

■ We do not imply Lawrence has no forum for litigation of his equitable defenses; rather, he must present his arguments in a proper proceeding. The arrearage cannot be modified retroactively to alter the debt due. *Wren v. Wren*, 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964); *Matter of Evans*, 267 N.W.2d 48, 51–52 (Iowa 1978). Equitable defenses may be interposed, however, to bar collection of the debt. See *Cullinan v. Cullinan*, 226 N.W.2d at 34. Lawrence may therefore present his arguments in proceedings for collection, including garnishment, *Anthony v. Anthony*, 204

N.W.2d at 831, or declaratory judgment proceedings. *Merrifield v. Troutner*, 269 N.W.2d 136, 137 (Iowa 1978); *Davidson v. Van Lengen*, 266 N.W.2d 436, 438 (Iowa 1978). We make no intimation as to the merits of Lawrence's equitable defenses if raised in a future proceeding.

*Penland v. Penland* was a contempt case which came to us in the same procedural posture as the present one. The defendant in *Penland* was found in contempt due to failure to pay child support and appealed to this court rather than seeking certiorari as required by § 665.11. We decided to follow then rule 352, R.C.P., the predecessor to rule 304 of our present Rules of Appellate Procedure. The appeal was considered as an application for writ of certiorari and the writ was issued. 258 Iowa at 313, 122 N.W.2d at 336.

However, in the present case we deny the writ because Lawrence is not entitled to the relief he requests in a contempt proceeding. *Gilliam v. Gilliam*, 258 N.W.2d at 156. Certiorari would not assist him in obtaining his desired relief.

■ II. *Attorney fees.* Finally, we turn to Charlotte's application for attorney fees.

She has submitted a statement of time spent by her attorney as a result of this appeal. She shall be allowed $500 as attorney fees to be taxed as costs against Lawrence.

The case is affirmed.

AFFIRMED.