In re The MARRIAGE OF Rashelle ABKES and Alan M.S. Abkes,

Upon the Petition of Rashelle Abkes, Appellant,

And Concerning Alan M.S. Abkes, Appellee.

No. 89-352.

Court of Appeals of Iowa.

June 26, 1990.

---

Paul T. Shinkle of Gottschalk & Shinkle, Cedar Falls, for appellant.

L. Don Snow of Reed–Merner, Mershon, Snow & Knock, Cedar Falls, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Rashelle and Alan Abkes were married on May 29, 1981, when Rashelle was seventeen years old and Alan was eighteen. The couple had two children; Jennifer was born in 1981 and Gordon in 1983.

After several separations, Rashelle initiated dissolution proceedings. After a two-day trial, the decree was filed on February 1, 1989. The dissolution decree awarded joint custody to Rashelle and Alan, with primary care to Alan.

Rashelle has appealed from the dissolution decree.

Rashelle contends the district court erred in placing primary care of the children with Alan. She asserts she was the primary caretaker of the children and it would be in their best interests to be placed with her. In addition, she argues Alan is a poor custodian because he works too many hours outside the home.

Rashelle also contends the district court erred by refusing to determine the competency of the children to testify as to their preference. The economic provisions of the dissolution decree are not challenged in this appeal. We affirm.

Rashelle requests attorney's fees and costs on appeal.

Our scope of review is de novo. Iowa R.App.P. 4. Although not bound by the trial court's determination of factual findings, we will give considerable weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). Prior cases, although helpful,

have little precedential value because we base our decision primarily on the particular circumstances of the parties before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

The factors to be considered in custody matters are set out in *In re Marriage of Winter*, 223 N.W.2d 165, 166 (Iowa 1974), and need not be repeated here. The trial court awarded Alan physical custody of the children. The court opined both Alan and Rashelle are capable of providing care for their children and have most qualities of good parents. However, Rashelle's tendency to let others interfere in Alan's relationship with his children, balanced against his efforts to maximize the children's contact with their mother, lead the trial court to conclude the children's best interests would be served by placement with their father. Our de novo review leads us to the same conclusion.

During the trial Rashelle specifically requested the court to permit the children to testify. The court denied the request. Rashelle asserts on appeal the trial court abused its discretion in not allowing the children to testify and further in failing to even allow Rashelle to establish their competency to testify. This tactic is an obvious attempt to get the children on the stand one way or another. The court denied the request because the risk of harm to the young children (ages six and eight) was greater than any potential benefit from their testimony. We agree. There is no abuse of discretion in denying an offer of proof which is clearly a subterfuge. It is within the inherent power of the trial court to protect the children in this situation and not allow them to testify.

Rashelle also seeks attorney fees and court costs for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal.

*In re Marriage of Hayne*, 334 N.W.2d 347, 353 (Iowa App.1983); *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981).

Each party shall be responsible for his or her own attorney fees. We do, however, assess three-fourths of the appendix printing costs to Alan, pursuant to Iowa Rule of Appellate Procedure 15(b). The appendix is unusually large and appears to contain much extraneous material. Rashelle asserts this excess is due to Alan's requests for inclusion of much of the transcript and other unnecessary documentation. Alan does not refute this assertion. We assess $1,195 to Alan toward the cost of printing the appendix. The remaining costs of appeal shall be taxed to appellant.

AFFIRMED.