**IN THE COURT OF APPEALS OF IOWA**

No. 18-0817
Filed June 5, 2019

IN RE THE MARRIAGE OF CURTIS ANTHONY MABBITT
AND KRISTINA MARIE MABBITT

Upon the Petition of
CURTIS ANTHONY MABBITT,
        Petitioner-Appellant/Cross-Appellee,

And Concerning
KRISTINA MARIE MABBITT n/k/a KRISTINA MARIE HICKCOX,
        Respondent-Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        The appellant appeals and the appellee cross-appeals from the order

modifying the decree of dissolution of their marriage.  **AFFIRMED.**


        Jaclyn M. Zimmerman of Miller, Zimmerman, & Evans P.L.C., Des Moines,

for appellant.

        Danni J. Harris of Whitfield & Eddy, P.L.C., Des Moines, for appellee.


        Considered by Vogel, C.J., and Mullins and Bower, JJ.

**VOGEL, Chief Judge.**

Curtis Mabbitt appeals and Kristina Hickcox cross-appeals from the order modifying the decree of dissolution of their marriage. Curtis argues a material change in circumstances has occurred since dissolution and the district court should have modified their child visitation schedule. He also argues the court should have allowed one of their children to testify. Kristina argues the court should have ordered retroactive child support and awarded her attorney fees. We agree with the district court there is no material change in circumstances since entry of the decree to justify modifying visitation, and the court did not abuse its discretion in excluding the child as a witness. We also agree with the court's increase of child support effective after entry of the order, and the court did not abuse its discretion in declining to award attorney fees. Accordingly, we affirm.

**I.        Background Facts and Proceedings**

Curtis and Kristina married in 2007. The parties had two children together: C.M., born in 2007, and A.M., born in 2008. On May 24, 2012, the court entered the dissolution decree, which dissolved the marriage, granted joint legal custody of the children, placed physical care of the children with Kristina, entered a visitation schedule, and ordered child support. The visitation schedule included regular visitation with Curtis on alternate weekends and Wednesday evenings. On April 17, 2017, Curtis filed his petition to modify the dissolution decree. A hearing was held, and the court entered its order on February 2, 2018. The court found no change in circumstances to modify child custody or visitation, modified child support due to the parties' increased incomes, and declined to award attorney fees. Both parties appeal.

## II.     Standard of Review

An action to modify a dissolution decree, including actions to modify child support and visitation, is in equity. *In re Marriage of Brown*, 778 N.W.2d 47, 50 (Iowa Ct. App. 2009). As such, our review is de novo. *Id.* We "give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them." *Id.* We review evidentiary rulings and other "matters relating to the course and conduct of a trial, not regulated by statute," for abuse of discretion. *In re Marriage of Ihle*, 577 N.W.2d 64, 67 (Iowa Ct. App. 1998). We review the district court's decision on attorney fees for abuse of discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006).

## III.     Curtis's Appeal

Curtis argues the court should have increased his visitation.[1] "A parent seeking to modify visitation must only establish 'that there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children.'" *Brown*, 778 N.W.2d at 51–52 (quoting *In re Marriage of Salmon*, 519 N.W.2d 94, 95–96 (Iowa Ct. App. 1994)). This standard is less demanding than the "substantial change in circumstances" required to modify custody. *Id.* at 51.

Curtis asserts a material change in circumstances resulted from his superior commitment to ensuring their children attend various medical appointments, A.M.'s anxiety with and preferences for visitation, and Kristina's actions to thwart his

---

[1] Kristina argues Curtis failed to preserve visitation for review on appeal because his petition does not request modification of visitation. However, Curtis clearly requested an increase in visitation during the hearing, and the court squarely addressed visitation in its order. Therefore, the issue of visitation is preserved for our review.

contact with the children. Kristina countered with allegations of Curtis's attempts to manipulate A.M. coupled with his harassing conduct and verbal assaults lodged at Kristina. The district court, noting the strife between Curtis and Kristina, found Curtis's assertions did not constitute a material change in circumstances justifying a change in visitation. On our de novo review, we agree and affirm the court's findings.

Curtis also argues the court abused its discretion in refusing to allow A.M. to testify. Our basic rule is that the court has discretion to exclude evidence if its probative value is substantially outweighed by a danger of "undue delay, wasting time, or needlessly presenting cumulative evidence." Iowa R. Evid. 5.403. Because the best interests of the child are critical when custody or visitation is at issue, the district court has discretion to determine whether a child should testify. *See In re Marriage of Abkes*, 460 N.W.2d 184, 186 (Iowa Ct. App. 1990) ("It is within the inherent power of the trial court to protect the children in this situation and not allow them to testify."). The court excluded A.M. as a witness but was willing to talk to the child in chambers if she "is desperate to talk to the court and really wants her feelings known." In making its decision, the court said it did not believe A.M. would "be overly persuasive" and that nine-year-olds such as A.M. are not "overly reliable; they're easily persuaded." The court also said "there's evidence that's going to be submitted over objection that indicates . . . the testimony that [Curtis] wanted to get out." Accordingly, the parties testified about A.M.'s preferences, and the court admitted journal entries purportedly written by A.M. Because A.M.'s testimony had little probative value, would duplicate other evidence, and would be contrary to her best interests by putting her—as the court

articulated—in "an awkward position," we find no abuse of discretion in the court's decision to exclude A.M. as a witness.

## IV.     Kristina's Cross-Appeal

Kristina argues the court should have ordered an increase in Curtis's child support obligation retroactive to the date of the petition. While the court did not address retroactivity from the bench or in its order, it increased Curtis's child support obligation from $225.00 to $668.14 per month for the two children effective on the first day of the month following entry of the order. In imposing this obligation, the court set Curtis's annual income at $33,794 and Kristina's annual income at $35,600. The court has authority to order a retroactive increase in child support, but it is not obligated to do so. *See State, Dep't of Soc. Servs. ex rel. Welter v. Kitner*, 512 N.W.2d 309, 313 (Iowa Ct. App. 1993). When increasing a child support obligation, the obligation "may be retroactively modified only from three months after the date the notice of the pending petition for modification is served on the opposing party." Iowa Code § 598.21C(5) (2017). Considering the incomes of the parties, we agree with the district court's increase in child support effective after entry of the order.

Kristina also argues the district court should have awarded her attorney fees. The district court has discretion to award attorney fees depending "on the respective abilities of the parties to pay" and other relevant factors. *Sullins*, 715 N.W.2d at 255 (quoting *In re Marriage of Guyer*, 522 N.W.2d 818, 822 (Iowa 1994)). In declining to award attorney fees, the court said:

> The parties have incurred substantial attorney fees litigating this matter. Neither has the financial wherewithal to pay the other's fees. After considering the financial circumstances of the parties,

including their incomes, living expenses, liabilities, the issues raised, and the merits of the claims, the Court concludes that an award of attorney fees is not appropriate.

We find no abuse of discretion in the court's decision.

## V.      Conclusion

We agree with the district court that Curtis has not shown a material change in circumstances to justify modifying visitation, and we agree with the increase in Curtis's child support obligation.   We further find the court did not abuse its discretion in excluding A.M. as a witness and in declining to award attorney fees to Kristina.

**AFFIRMED.**