# IN THE COURT OF APPEALS OF IOWA

No. 20-0442
Filed January 21, 2021

IN RE THE MARRIAGE OF JOHN LORENZO HEIM
AND SHIELA RENAE HEIM

Upon the Petition of
**JOHN LORENZO HEIM,**
        Petitioner-Appellee,

**And Concerning**
**SHIELA RENAE HEIM,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Harrison County, Richard H.

Davidson, Judge.


        Shiela Heim appeals the denial of her petition to modify child custody and

her contempt action. **AFFIRMED.**


        Kyle E. Focht of Focht Law Office, Council Bluffs, for appellant.

        Matthew J. Hudson of Law Office of Matthew J. Hudson, Harlan, for

appellee.


        Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

Shiela Heim appeals the denial of her petition to modify the child custody provisions of the decree dissolving her marriage to John Heim and denial of her contempt action. She contends a substantial change in circumstances has occurred since their divorce that warrants granting her sole legal custody of the children. She also contends John willfully violated the court orders.

Shiela and John were married in 2008. John petitioned for dissolution of the marriage in 2013. The district court dissolved the marriage in 2014, granting joint legal custody of their two children and placing them in Shiela's physical care. Each party has since initiated numerous contempt actions. In 2018, Shiela petitioned to modify custody to grant her sole legal custody, and John countered by asking the court to grant him sole legal and physical care. The court denied the requests for modification of legal custody or physical care but modified portions of the decree relating to visitation. While the modification proceedings were pending, both parties also filed contempt actions. The court denied both.

Shiela first raises a number of claims concerning the district court's evidentiary rulings and the conduct of trial. She challenges the court's decisions to not appoint a successor guardian ad litem before allowing the first guardian ad litem to withdraw, to not allow the children to testify, and to not admit video exhibits depicting arguments between the parties. Such decisions are generally within the discretion of the trial court. *See In re Marriage of Ihle*, 577 N.W.2d 64, 67 (Iowa Ct. App. 1998). We presume the rulings are correct and do not disturb them on appeal unless the court clearly abused its discretion. *Glenn v. Carlstrom*, 556 N.W.2d 800, 804 (Iowa 1996).

The district court did not abuse its discretion by allowing the guardian ad litem to withdraw. The withdrawal followed the guardian ad litem's appointment as a district associate judge. In its order, the court stated it would schedule a status hearing to revisit whether a guardian ad litem or custody evaluator would be appointed. But that never happened, and Shiela never requested a hearing. Shiela obtained new counsel after the order and complains her counsel was unaware that the court neglected to schedule the hearing. She complains that "it is not the responsibility of a party to ensure that the court submits orders on issues that have properly raised and litigated." But that is precisely what our law of error preservation requires. *See, e.g.*, *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (noting that a motion to enlarge or amend is necessary to preserve error when the court fails to resolve an issue properly submitted for adjudication).

The court also acted within its discretion in disallowing testimony from the children. The court must consider the child's best interests in custody proceedings, *see In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007), which extends to making determinations as to whether the children should be allowed to testify in the proceeding, *see In re Marriage of Abkes*, 460 N.W.2d 184, 186 (Iowa Ct. App. 1990) (noting that it is "within the inherent power of the trial court to protect the children in [child custody proceedings] and not allow them to testify"). At the time of trial, one child was seven years old and the other was nine. The court's reluctance to have the children testify on the record in the courtroom given their young ages is reasonable. *See Abkes*, 460 N.W.2d at 186 (affirming district court's refusal to allow children testify in dissolution trial involving child custody "because

the risk of harm to the young children (ages six and eight) was greater than any potential benefit from their testimony").

Finally, the court did not abuse its discretion in ruling on two videos Shiela sought to admit into evidence. Shiela recorded the videos during verbal altercations with John. Because the court heard testimony about what occurred during those arguments, the videos are cumulative evidence that the court could exclude regardless of its relevance. *See* Iowa R. Evid. 5.403.

We turn our attention to Shiela's claim regarding modification of legal custody. We review the modification order de novo. *See Thorpe v. Hostetler*, 949 N.W.2d 1, 4 (Iowa Ct. App. 2020). Although they are not binding, we give weight to the district court's fact-findings, especially those concerning witness credibility. *See id.* at 5. Shiela has the burden of showing modification is in the children's best interests based on a substantial change in material circumstances since entry of the dissolution decree. *See id.*

Shiela argues changes have occurred since the dissolution that warrant modifying legal custody. She claims that John harms the children physically and emotionally by failing to address their medical and educational needs properly, by refusing to allow them to participate in extracurricular activities, and by denying the children the ability to contact her by phone. The district court rejected her claims, noting that neither the children's family care provider nor therapist expressed concern about the children's safety in either parent's home.

Legal custody refers to the ability to make decisions "affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction." Iowa Code § 598.1(5) (2018). "The legislature and judiciary of this

State have adopted a strong policy in favor of joint custody from which courts should deviate only under the most compelling circumstances." *In re Marriage of Winnike,* 497 N.W.2d 170, 173 (Iowa Ct. App. 1992). Sole legal custody should only be granted if there is clear and convincing evidence "that joint custody is unreasonable and not in the best interest of the child to the extent that the legal custodial relationship between the child and a parent should be severed." Iowa Code § 598.41(2)(b).

We agree with the district court that Shiela has failed to show a substantial change in circumstances sufficient to modify legal custody. The biggest detriment to the children is the contentious relationship between their parents, to which both Shiela and John contribute.[1] But even this is insufficient to justify modification to grant either party sole legal custody. "Although cooperation and communication are essential in joint custody, tension between the parents is not alone sufficient to demonstrate it will not work." *In re Marriage of Bolin*, 336 N.W.2d 441, 446 (Iowa 1983).

> [O]ur legislature was aware that in a divorce the parties are generally not getting along well and a custody contest magnifies the adversarial nature of the dissolution proceeding. To be significant enough to justify a denial of joint custody, a lack of ability to communicate must be something more than the usual acrimony that accompanies a divorce.

*In re Marriage of Ertmann*, 376 N.W.2d 918, 920 (Iowa Ct. App. 1985). As the district court cautioned, both Shiela and John need to work harder to communicate

---

[1] The district court explicitly found John's testimony to be more credible, finding "Shiela often overreacted or exaggerated John's alleged misdeeds and in some instances manipulated the situation to her advantage." The court also found that some of Sheila's allegations were simply not credible.

and must "put aside this immaturity and childish ways and learn how to co-parent" without seeking the court's intervention. If both fail to heed the court's warning, their relationship could devolve to cause the type of harm that requires ending joint legal custody. Fortunately for the children, the conflict has not yet reached that point.

Shiela also appeals the dismissal of her contempt action. We review contempt rulings to determine whether substantial evidence supports the district court's judgment. *See In re Marriage of Jacobo*, 526 N.W.2d 859, 866 (Iowa 1995). Substantial evidence is evidence that would convince a rational trier of fact. *See id.* We are not bound by the district court's conclusions of law and "exercise unfettered review of the court's application of the law." *Id.*

To succeed in her contempt action, Shiela must show beyond a reasonable doubt that John willfully violated a court order or decree. *See id.* She alleges John did so by failing to pay child support, provide health insurance, allow telephone contact, take one child to summer school, administer the children's prescriptions, and provide appropriate medical care with her prior knowledge. But as to each allegation, the court found Shiela failed to show John's willful disobedience. "Our review is not de novo; the decision of the trial will not be lightly reversed . . . ." *McDonald v. McDonald*, 170 N.W.2d 246, 247 (Iowa 1969). Having reviewed the evidence and the court's ruling, we agree that Shiela failed to show John willfully disobeyed a court order and thus affirm.

Shiela requests an award of appellate attorney fees. Iowa Code section 598.36 gives us discretion to award attorney fees to the prevailing party in a

modification proceeding.  Because Shiela has not prevailed on any of the claims raised on appeal, we decline her request.

**AFFIRMED.**