# IN THE COURT OF APPEALS OF IOWA

No. 24-1750
Filed June 18, 2025

IN RE THE MARRIAGE OF COLT LEON GOLDEN
AND HEATHER ANN GOLDEN

Upon the Petition of
COLT LEON GOLDEN,
        Petitioner-Appellant,

And Concerning
HEATHER ANN GOLDEN, n/k/a HEATHER ANN BOLTZ, f/k/a HEATHER ANN
GIGAROA,
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer,

Judge.


        A father appeals from a finding that his ex-spouse was not in contempt of

court for allegedly violating a dissolution decree's visitation provisions.

**AFFIRMED.**


        John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant.

        T. Cody Farrens of Tigges, Bottaro, & Lessmann, LLP, Sioux City, for

appellee.


        Considered by Ahlers, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Colt Golden appeals from a finding that his ex-spouse Heather Ann Boltz[1] was not in contempt for failing to provide Colt with his decreed weekday and weekend visitation after she moved to Florida with their child. Although we recognize it would have been better for the parties to formally modify the custody decree before the move or this litigation, we affirm.

Colt and Heather divorced in 2013. They share one child, whom the decree placed in the physical care of Heather, affording Colt visitation every other weekend, every Wednesday, every other Thursday, and holidays. During the intervening years, the parties deviated regularly from the decree's specific visitation schedule without conflict.

In the summer of 2024, Heather graduated nursing school and moved to Florida with the child and her other children (not shared with Colt). Neither party sought to modify the custody decree beforehand, and they disagreed in testimony about whether Heather informed Colt of the planned move with the child before it happened and whether Colt agreed the move was in the child's best interest given some problems the child was having in Iowa. Between the move in July and the relevant hearing in late September, Colt and the child only really had contact by phone.

Heather testified that she did not seek to formally modify the custody arrangement before moving because she thought she and Colt had always gotten

---

[1] Heather's last name throughout some of these proceedings, including the September 2024 hearing, was Gigaroa. In subsequent filings she uses her maiden last name, Boltz.

along on this issue. She thought they were co-parenting well before the move and that he had agreed the move was best for the child. She also described trying to give Colt as much time with the child before they left for Florida as she could. And she testified that she did not willfully violate the court's order—it just wasn't practical to get the child (then age fourteen) back to Iowa for visits every other weekend, much less the weekday visits.

In an oral ruling, the district court found Heather was not in contempt. The court excused her noncompliance because following the decree was "impracticable to the point where it is effectively impossible" while living in Florida, and thus her violation of the ruling was not willful. Colt appeals,[2] while Heather declined to file an appellee's brief.

---

[2] A note on appellate jurisdiction: An aberration exists in our supreme court's case law, where a finding of "not in contempt" is reviewable by appeal and a finding of contempt is only reviewable by certiorari. *See In re Marriage of Welsher*, 274 N.W.2d 369, 371 (Iowa 1979) (collecting cases on both). To us, this seems suspect. It arguably conflicts with much older principles of law. *See First Congregational Church of Bloomington v. City of Muscatine*, 2 Iowa 69, 71 (1855) ("These authorities are conclusive, that in the absence of statute, each court of record is the sole and final judge in matters of contempt."). It also probably conflicts with a code provision. *See* Iowa Code § 665.11 (2024) ("No appeal lies from an order to punish for a contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by certiorari."). We appear to be an outlier (and though arguably we do not stand entirely alone, the other jurisdictions allowing review by appeal tend to involve criminal contemnors and require the State as prosecutor to appeal). *See generally* R.F. Chase, Annotation, *Appealability of Acquittal From or Dismissal of Charge of Contempt of Court*, 24 A.L.R.3d 650 (1969). It is irreconcilable with our longstanding rule that you cannot appeal an acquittal. *E.g.*, *State v. Taft*, 506 N.W.2d 757, 760 (Iowa 1993) (collecting cases). And it is bizarre that a party potentially jailed for contempt has narrower appellate remedies than a person seeking to have another found in contempt. But this is not our problem to solve, for the supreme court's decisions bind us. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). So, we acknowledge this weird procedural posture and review this matter as an appeal rather than by certiorari.

First, we confront an issue regarding standard of review. "Our review is not de novo," and "the decision of the trial [court] will not be lightly reversed." *McDonald v. McDonald*, 170 N.W.2d 246, 247 (Iowa 1969). And the required quantum of proof is beyond a reasonable doubt. *Phillips v. Iowa Dist. Ct.*, 380 N.W.2d 706, 707–09 (Iowa 1986) (considering the standard of proof). Colt seems to suggest that, because substantial evidence *could* have supported a finding of contempt, he is owed reversal. But that turns the standard of review on its head— we review for substantial evidence to uphold the ruling, not reverse it. *See id.* at 709. So, we must evaluate whether substantial evidence supported the district court's finding that Heather did not willfully violate the decree, understanding that to find willfulness "requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." *Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980).

We find adequate record support for the district court's conclusion that there was not proof beyond a reasonable doubt Heather was in contempt. The court, in an advantaged position to assess believability, credited Heather's testimony that she did not willfully violate the court order because she thought that Colt had agreed the move was best for the child. Although Heather should have addressed the circumstances surrounding the move first by formal modification, the district court did not err in finding she was not proven in contempt beyond a reasonable doubt.

**AFFIRMED.**